**James D. CROW, d/b/a Comco Leasing Company, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 78–3264.**

United States Court of Appeals, Fifth Circuit.

Nov. 17, 1980.

Rehearing Denied Dec. 19, 1980.

---

Ronald D. Law, Dee W. Dilts, Dallas, Tex., for plaintiff–appellant.

Stafford Hutchinson, Asst. U.S. Atty., Dallas, Tex., for defendant–appellee.

Before WISDOM, FAY and TATE, Circuit Judges.

## PER CURIAM:

The plaintiff/appellant, James D. Crow, doing business as Comco Leasing Company, brought suit against the Department of Housing and Urban Development (HUD) for an alleged conversion of certain furniture leased by Crow to tenants of an apartment complex owned by HUD. The district court dismissed HUD as a defendant, but the plaintiff asserts his cause of action against the United States. The court dismissed Crow's claim, holding that he had failed to exhaust his administrative remedies in that he had not presented his claim in writing for a sum certain. We hold that Crow adequately presented his claim to HUD.

The Casa Claire Apartments, in Mesquite, Texas, were constructed in 1971. HUD insured the mortgage on the project. Casa Claire Apartments, Ltd. was the ultimate mortgagor. In June 1972 Casa Claire defaulted on its note agreement. The mortgagee, Home Savings Association of Dallas County, foreclosed on the project and took possession in February 1973. In December 1973, Home Savings assigned the project to HUD. In July 1975, HUD sold the property to a private party.

Crow was in the business of leasing furniture to tenants of various apartment projects. In the summer of 1972 he began to lease furniture to tenants of Casa Claire Apartments, receiving rental payments directly from the tenants. After Home Savings foreclosed on the project, Home Savings's management agent collected rent on the furniture from the tenants and turned it over to Crow. After HUD assumed possession, neither it nor its management agent collected or paid any rent for Crow's furniture.

Crow made repeated demands upon HUD that he be paid the value of the furniture and the rents owing to him, or that the furniture be returned. He met individually and with his attorney with HUD's representative over a period of nine months. HUD initially took the position that the

foreclosure had vested title to the furniture in HUD. It later admitted that Crow owned the furniture and authorized him to recover possession of it. When Crow went to Casa Claire Apartments for that purpose, however, he found that the furniture was no longer there.

Crow brought this suit under the Federal Tort Claims Act,[1] alleging that HUD had converted the furniture or allowed a third party to do so.[2] The district court granted summary judgment for the government on its finding that Crow had not made a sufficient written demand on HUD for the value of the furniture. He had, therefore, not exhausted his administrative remedies.

█ Under 28 U.S.C. §§ 2401(b), 2675(a) (1976), a person with a tort claim against the United States may not bring suit on his claim unless he first presents it in writing to the appropriate agency. The usual procedure for this is to file a Standard Form 95. *See* 28 C.F.R. § 14.2(a). It is clear, however, that neither a Form 95 nor any other particular form of claim is required, as the district court held with respect to the claim for rents. This Court has held, for example, that a simple letter from the claimant's attorney, enclosing receipts for the alleged items of damages, is a sufficient written demand under section 2401(b). This is so even though the letter itself contains no statement as to the amount of the claim, and even though the attorney inadvertently includes receipts for expenses totally unrelated to the claim. *Molinar v. United States*, 5 Cir. 1975, 515 F.2d 246. Similarly, we have held that if a claimant files a written demand sufficient under sections 2401(b) and 2675, he is not barred from bringing suit because he does not provide any additional information required under section 2672 to enable the agency to consider an administrative settlement. *Adams v. United States*, 5 Cir. 1980, 615 F.2d 284.

█ In this case, Crow's attorney sent formal letters of demand to HUD on September 17 and 27, 1974. Enclosed with the first letter was an invoice and inventory of the items of furniture on which Crow bases his claim. We have examined this invoice and the record of Crow's diligent efforts to recover his furniture or to obtain compensation from HUD. We are satisfied that the invoice and inventory coupled with the September letters constitute a sufficient demand on HUD to meet the requirements of the Federal Tort Claims Act, and that HUD had all the information it required to enable it to process and evaluate Crow's claim.

Accordingly, we REVERSE the summary judgment for the government as to Crow's claim for conversion of the furniture. The case is REMANDED to the district court for trial or other appropriate proceedings on the questions whether any conversion by HUD or its agents took place, and if so, what damages resulted.

---

1. 28 U.S.C. §§ 1346, 2671-2680 (1976).

2. Crow also alleged that HUD had converted certain rental payments collected from the tenants on Crow's furniture. The district court found that Crow's letters of September 17 and September 27 satisfied the administrative notice requirement for the rental payments–that in these letters "the plaintiff refers to a sum certain and to the government's tortious conduct". Hence it refused to dismiss that portion of Crow's claim for failure to exhaust administrative remedies. The court later granted summary judgment for the government on the merits of this claim, finding that HUD never received any such payments. Counsel conceded at oral argument that there are no grounds for appeal as to this part of the district court's judgment.