Isaac ROGERS, Jr., Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 80–3685.

United States Court of Appeals, Sixth Circuit.

Argued March 10, 1982.
Decided April 15, 1982.

F. M. Apicella, F. M. Apicella & Associates, Cleveland, Ohio, for plaintiff-appellant.

Dale F. Kainski, Asst. U. S. Atty., Cleveland, Ohio, for defendant-appellee.

Before KENNEDY and MARTIN, Circuit Judges, and BALLANTINE,* District Judge.

PER CURIAM.

This appeal presents the issue of whether the timely filing of an administrative claim is a jurisdictional prerequisite to suits under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), when an action is commenced in state court against a federal employee who was in the course of his employment, and removed by the United States, under 28 U.S.C. § 2679, to the district court.

Plaintiff, a postman, was injured when his car was struck by an automobile driven by another postman, Stennies. Plaintiff filed suit against Stennies in state court four days before the two-year Ohio statute of limitations expired. Two weeks after the suit was filed, plaintiff's counsel was advised that Stennies was in the course of his employment with the United States Postal Service when the accident occurred. The two-year period allowed by the Federal Tort Claims Act for filing an administrative claim had by then expired.

Some months later, the United States removed the case to the district court under 28 U.S.C. § 2679. The United States then moved to substitute itself as defendant and to dismiss the action because plaintiff had not filed an administrative claim within the two-year limitations period. Defendant's motion was granted and plaintiff appealed.

Plaintiff argues that there was, at least, a question of fact as to whether he knew or should have known that Stennies was in the course of his employment and that if plaintiff reasonably did not know or if the government failed to disclose that fact, the government should be estopped from requiring a timely administrative claim. Alternatively, plaintiff argues, there is no requirement of an administrative claim where the action is commenced against the employee and the government moves to substitute itself as a party. In support of this position he relies upon *Kelley v. United States*, 568 F.2d 259 (2d Cir.), *cert. denied*, 439 U.S. 830, 99 S.Ct. 106, 58 L.Ed.2d 124 (1978).

There is no equitable exception to the jurisdictional prerequisites of the Federal Tort Claims Act in this Circuit and we decline to create one. While we are sympathetic to the plaintiff's position, we are not free to enlarge the consent to be sued which the government, through Congress, has limited. *Shelton v. United States*, 615 F.2d 713 (6th Cir. 1980). Neither plaintiff's lack of knowledge regarding Stennies' federal employment nor the United States' removal of this case from state court to district court eliminates the jurisdictional requirement that a timely administrative claim be filed. *Meeker v. United States*, 435 F.2d 1219 (8th Cir. 1970). The federal courts have no jurisdiction to entertain this lawsuit.

Accordingly, the decision of the District Court is affirmed.

---

* The Honorable Thomas A. Ballantine, Jr., Judge, U. S. District Court for the Western District of Kentucky, sitting by designation.