**Robert WILLIAMS, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 82–3425**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 14, 1982.

Rehearing Denied Feb. 8, 1983.

Thornberry here and Judge Gibbons in *Trantino,* 563 F.2d 86, 98.

Neblett, Beard & Arsenault, Richard W. Beard, Alexandria, La., for plaintiff-appellant.

John R. Halliburton, D.H. Perkins, Jr., Asst. U.S. Attys., Shreveport, La., for defendant-appellee.

Before BROWN, REAVLEY and JOLLY, Circuit Judges.

REAVLEY, Circuit Judge:

The district court, 541 F.Supp. 1242, dismissed plaintiff Robert Williams' negligence action against the United States for Williams' failure to comply with administrative requirements of the Federal Tort Claims Act. Finding that Williams has complied with the requirements, we reverse and remand for trial.

### Facts

On June 20, 1978, an automobile which Williams was driving in Franklin Parish, Louisiana, was struck by a vehicle driven by a U.S. Postal Service employee, Lowery Russell. On June 12, 1979, Williams filed a negligence action in Louisiana state court against Russell. Williams' complaint in the state action alleged that Russell was acting in the course and scope of his employment at the time of the collision. The complaint described the property damage to Williams' car, contained an itemized listing of damages which Williams sought to recover for personal injuries suffered as a result of the accident, and specified that the total amount of damages sought was $218,000.

The complaint, although filed against Russell individually, was apparently referred to an assistant U.S. attorney in the Western District of Louisiana. The U.S. attorney notified Williams that an administrative claim would first have to be filed with the Postal Service in order for the federal courts to have jurisdiction of a suit filed pursuant to the Federal Tort Claims Act. As a result of this communication, Williams voluntarily dismissed his state suit on August 31, 1979, so that he could pursue an administrative claim with the Postal Service.

On June 5, 1980, Williams filed an administrative claim form with the Postal Service. This claim form (a "Form 95") specified that Williams sought $7,000 for property damage, but did not indicate any amount sought for personal injuries or a total amount claimed. On August 5, 1980, Williams' attorney sent a letter to the Postal Service which contained a detailed summary of the personal and property damages sought by Williams and offered to settle all claims for $83,413, an amount substantially less than that Williams was claiming he should recover. The Postal Service denied the claim on June 25, 1981, and Williams filed the present negligence suit in federal district court on October 27, 1981. In this action he alleges negligence on the part of Russell while working in the course and scope of his employment for the Postal Service and seeks compensation for $187,000 for personal injuries and $8,000 for property damage.

The district court dismissed Williams' suit for lack of subject matter jurisdiction, because Williams had failed to file a proper administrative claim within two years of the alleged tort. The court held that the Form 95 filed on June 5, 1980, did not constitute a proper administrative claim because, by omitting an amount for personal injuries and a total amount, it did not contain a sum certain as required by the applicable statute and regulation. The district court further held that the filing of the state suit could not be used to satisfy the sum certain requirement and that the letter from Williams' attorney dated August 5,

1980, was filed more than two years after the alleged tort.

### The Issue

Williams raises one issue for our consideration on appeal. He argues that the itemized claim for damages as set forth in his complaint in the state suit may be taken together with the Form 95 to supply the notice requirements of his administrative claim.

### Discussion

Through the Federal Tort Claims Act, the United States has waived its sovereign immunity regarding civil actions for money damages for "injury or loss of property or personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 1346(b). The United States has, however, required that such an action shall not be instituted "unless the claimant shall have first presented the claim to the appropriate Federal agency . . . ." 28 U.S.C. § 2675(a). A tort claim against the United States must be presented to the appropriate federal agency within two years after the claim accrues or it is forever barred. 28 U.S.C. § 2401(b).

In our previous cases, we have taken a pragmatic view toward the form or manner of filing of administrative claims when deciding upon the fulfillment of § 2675 of the Tort Claims Act. We have noted these dual congressional purposes in requiring potential claimants to provide the relevant federal agency with notice of their claims: (1) to ease court congestion and encourage settlement of claims; and (2) to provide for more fair and equitable treatment of private individuals in their tort claims against the government. *Adams v. U.S.,* 615 F.2d 284, 288 (5th Cir.), *clarified,* 622 F.2d 197 (1980). Thus, we have held that an individual with a claim against the government satisfies the notice requirement of § 2675 if he or she: "(1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value

on his or her claim." *Id.,* 615 F.2d at 289. Moreover, we have held that no particular form or manner of giving such notice is required as long as the agency is somehow informed of the fact of and amount of the claim within the two year period prescribed by § 2401(b):

> Under 28 U.S.C. §§ 2401(b), 2675(a) (1976), a person with a tort claim against the United States may not bring suit on his claim unless he first presents it in writing to the appropriate agency. The usual procedure for this is to file a Standard Form 95. *See* 28 C.F.R. § 14.2(a). *It is clear, however, that neither a Form 95 nor any other particular form of claim is required,* as the district court held with respect to the claim for rents. This Court has held, for example, that a simple letter from the claimant's attorney, enclosing receipts for the alleged items of damages, is a sufficient written demand under section 2401(b). This is so even though the letter itself contains no statement as to the amount of the claim, and even though the attorney inadvertently includes receipts for expenses totally unrelated to the claim. *Molinar v. United States,* 5 Cir.1975, 515 F.2d 246. Similarly, we have held that if a claimant filed a written demand sufficient under sections 2401(b) and 2675, he is not barred from bringing suit because he does not provide any additional information required under section 2672 to enable the agency to consider an administrative settlement. *Adams v. United States,* 5 Cir.1980, 615 F.2d 284.

*Crow v. U.S.,* 631 F.2d 28, 30 (5th Cir.1980) (emphasis added).

■ The government in this case cites to us decisions of our sister circuits that have held that an incomplete Form 95 fails to present a claim to the federal agency and will preclude a later suit in district court. *See, e.g., Allen v. U.S.,* 517 F.2d 1328, 1329 (6th Cir.1975) (no amount for personal injuries or total amount claimed on SF 95 in claim arising from collision between car and Postal Service vehicle); *Avril v. U.S.,* 461 F.2d 1090, 1091 (9th Cir.1972) (total amount

left blank on SF 95 in claim arising from collision between Postal Service vehicle and motorcycle); *Bialowas v. U.S.,* 443 F.2d 1047, 1049–50 (3d Cir.1971) (no specific amounts on unsigned and undated SF 95 in claim arising from collision between mail truck and car). While we do not disagree with those holdings, under our previous holding in *Crow, supra,* that a claimant need not even file a Form 95 in order to present a claim to the agency, we cannot subscribe to the view that a complete notice must be given by the Form 95.

We are also aware of decisions of our sister circuits holding that the requirement of filing an administrative claim cannot be circumvented by filing a state court suit.[1] *See, Rogers v. U.S.,* 675 F.2d 123, 124 (6th Cir.1982); *Meeker v. U.S.,* 435 F.2d 1219, 1221 (8th Cir.1970). Our holding here is not in conflict with these decisions, however, as they are factually distinguishable. In *Rogers* and *Meeker* the claimants filed no administrative claims with the federal agencies; they merely argued that the filing of state suits constituted sufficient notice to the government. Here Williams does not seek to rely on his filing of the state suit as notice to the Postal Service; he in fact filed an administrative claim through the means of a Form 95 and merely seeks to supplement the information contained in that form with facts contained in his complaint from the state action.

█ In this case it is clear that Williams filed an administrative claim within two years of the date he was injured; it is also clear that the government was apprised of the specifics of that claim by the information contained in his state court complaint. Both of these acts, taken together, satisfy the notice requirement of § 2675 of the

Tort Claims Act. A "sum certain" had been specifically enumerated for that particular claim and brought to the attention of the government, in writing, within the two year period. *See Molinar v. U.S.,* 515 F.2d 246 (5th Cir.1975). Notice in such a form complies with the spirit of our holdings in *Adams* and *Crow* dictating the manner in which a federal agency may be apprised of a tort claim.

REVERSED and REMANDED.

---

1. Compare the case where plaintiff sues only the government employee in state court, and the government removes to federal court pursuant to 28 U.S.C. § 2679 and then moves to dismiss for failure to timely file the administrative claim. *See Kelley v. U.S.,* 568 F.2d 259, 266–68 (2d Cir.), *cert. denied,* 439 U.S. 830, 99 S.Ct. 106, 58 L.Ed.2d 124 (1978) (filing of state suit within two years of tort suffices to give federal agency notice of administrative claim); *see also Wollman v. Gross,* 646 F.2d 1306, 1307 (8th Cir.), *cert. denied,* 454 U.S. 893, 102 S.Ct. 389, 70 L.Ed.2d 207 (1981) (Lay, Bright, McMillan & Arnold, JJ.; dissenting from the denial of rehearing en banc) (the filing of a suit against the individual employee in state court should satisfy the exhaustion requirement under the F.T.C.A.).

