Anna Mae R. HENDERSON, Appellant,

v.

UNITED STATES of America, Appellee.

Anne Marie HENDERSON, by her Guardian Ad Litem, Anna Marie R. HENDERSON, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 84–1476, 84–1554.

United States Court of Appeals, Fourth Circuit.

Argued March 4, 1985.

Decided Feb. 27, 1986.

Arnold S. Goodstein (Diane Schafer Goodstein, on brief), for appellant.

Robert H. Bickerton, Asst. U.S. Atty. (Henry Dargan McMaster, U.S. Atty., on brief), for appellee.

Before WIDENER, ERVIN and SNEE-DEN, Circuit Judges.

SNEEDEN, Circuit Judge:

In this Federal Tort Claims Act case, appellants[1] contest the lower court's dismissal of their suits for failure to timely file an administrative claim with the appropriate federal agency. We agree that appellants did not file an administrative claim within the period required by law. The decision below will therefore be affirmed.

I.

On March 14, 1980, the plaintiff-appellants ["appellants"] were injured when the car in which they were riding was struck by a car being driven by a substitute rural mail carrier employed by the United States Postal Service.[2] Appellants admit that the accident report listed the government as a special use for the car with which they collided.[3]

The appellants both filed suit against the other vehicle's driver in South Carolina state court on December 9, 1980. On December 30, 1980, the United States Attorney for the District of South Carolina certified that the substitute rural carrier was a United States employee acting within the scope of her employment at the time of the accident. Thereafter, an Assistant United States attorney sent the appellants' lawyer a letter confirming a recent telephone conversation in which she advised the lawyer that, since the carrier was a federal employee, the state court suits were in reality against the United States.[4] The letter further stated that before a suit may be brought against the government, a claim must be filed with the proper administrative agency. The letter also confirmed an understanding that the appellants' attorney would dismiss the suits in state court. Finally, the letter contained a warning that, if the state actions were not dismissed, government attorneys would remove the cases to federal court and seek a dismissal for failure to exhaust administrative remedies.

The government's warning went unheeded. The state actions were not dismissed. As promised, the suits were removed to federal court where the government moved for a dismissal based on the failure to exhaust administrative remedies. A federal magistrate ruled that the suits were improperly filed before administrative remedies were exhausted.[5] The actions were dismissed. No appeals ensued.[6]

The United States Postal Service subsequently received administrative claims from the appellants. The claims were received on July 6, 1982—more than 27 months after the date of the accident. The

---

1. This consolidated appeal concerns two actions arising from the same motor vehicle accident.

2. Appellants' alleged injuries are presumed for the purposes of this appeal.

3. Appellants' Brief at 12.

4. Letter of January 6, 1981 from Heidi M. Soloman, Assistant United States Attorney to Gene Dukes, Esquire. Supplemental Joint Appendix at 43–44.

5. Joint Appendix at 64, 69.

6. Joint Appendix at 69.

Postal Service denied the claims because they were not timely filed.[7] Thereafter, on April 5, 1983, appellants filed suit in federal court seeking damages under the Federal Tort Claims Act. The government objected that the suits were improper because the administrative claims were not filed within two years of the date of the car crash and because the appellants had not filed suit within six months after denial of the administrative claims.[8] Subsequently, the district court dismissed the actions.

Appellants contend the dismissal of their claims was improper. On appeal, they argue that by filing their complaints in state court they satisfied the statutory requirement of filing an administrative claim with the Postal Service. Since their state suits were filed within two years of the accident, they argue that their administrative filings were timely. In the alternative, they argue that their administrative claim filings were timely because their cause of action did not accrue on the date of the accident but on the date that they learned the mail driver was a federal employee acting within the scope of her employment. Finally, they argue that their suits were timely because the Postal Service's August 25, 1982 letter advising them that their claims were not timely filed did not constitute a final denial of their claim.[9]

7. Federal law bars any tort claim against the United States unless it is presented in writing to the appropriate federal agency within two years after the claim accrues. *See* 28 U.S.C. § 2401(b). The Postal Service maintained that the claims were required to be filed with that agency within 24 months from the date of the accident. The claims were actually presented 27 months after the collision.

8. Joint Appendix at 73–74.

9. This latter issue need not concern us. The timing of the final denial is important only if we address the question of whether the suit was timely filed. Since we hold that the appellants did not meet the initial requirement of filing a timely administrative claim we need not address the issue of the timing of the rejection of the claim.

10. *See Crow v. United States,* 631 F.2d 28 (5th Cir.1980) (letter to agency from claimant's attor-

## II.

Plaintiffs must meet certain prerequisites before filing an action under the Federal Tort Claims Act ("FTCA") in federal court. The FTCA clearly provides that, prior to bringing an action against the United States, a claimant "shall have first presented the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a). It is well-settled that the requirement of filing an administrative claim is jurisdictional and may not be waived. *Kielwien v. United States,* 540 F.2d 676, 679 (4th Cir.), *cert. denied,* 429 U.S. 979, 97 S.Ct. 491, 50 L.Ed.2d 588 (1976).

The time requirements for the filing of an administrative claim and the commencement of a civil suit are set forth in 28 U.S.C. § 2401. That section provides that a claim must be "presented in writing *to the appropriate federal agency* within two years after such claim accrues" and that a civil action must be commenced within six months after the final denial of the claim by the agency. 28 U.S.C. § 2401(b) (emphasis added). Three of the four cases relied on by the appellants support the proposition that some form of written notification, plus a claim for a sum certain, must be received by the agency from the claimants. In each case, some type of claim was presented by the claimant *to the agency* in a timely fashion.[10] None of

ney enclosing receipts for alleged items of damage held sufficient notification); *College v. United States,* 572 F.2d 453 (4th Cir.1978) (letter to Air Force from claimant's attorney held insufficient because it did not state a claim for a sum certain); *Lester v. United States,* 487 F.Supp. 1033 (N.D.Texas 1980) (filing with the Navy of a Standard Form 95 with the copy of a complaint attached held sufficient notification); *Mack v. United States,* 414 F.Supp. 504 (E.D.Mich.1976) (repair estimates sent to Postal Service by claimant found sufficient notification).

Also, the additional case which the dissent cites, *Williams v. United States,* 693 F.2d 555 (5th Cir.1982), supports only the proposition that some form of written notification other than a completed Standard Form 95 is acceptable. In *Williams,* the Fifth Circuit held that a state court complaint could be taken *together with* an administration claim form to supply the notice requirements of an administrative claim. The court, however, took pains to distinguish

these cases, however, lends any support to the plaintiff's contention that the filing of a state court action satisfies the requirement of filing an administrative claim. The weight of the case law clearly supports the government's position that the filing of a suit does not provide sufficient notice to the federal agency. Particularly pertinent to this appeal are decisions by the Eighth and Sixth Circuits. *See Meeker v. United States*, 435 F.2d 1219 (8th Cir.1970); *Rogers v. United States*, 675 F.2d 123 (6th Cir.1982).

In *Meeker*, as in the case before us, the plaintiff initially filed suit in state court against the individual government employee. There too the government removed the action to federal court, certified that the employee was acting within the scope of his employment at the time of the accident, and sought to dismiss because of plaintiff's failure to timely file an administrative claim. The Eighth Circuit dismissed the suit, holding that the plaintiff could not circumvent the statutory requirement of filing an administrative claim by commencing action in state court against an individual employee. In so doing, the court specifically stated that "[t]he mere filing of a suit does not meet the requirement of § 2675(a) of first presenting a claim to the appropriate federal agency." 435 F.2d at 1221.

The facts of *Meeker* are analogous to the facts of the case at hand. The plaintiff in *Meeker*, however, made a somewhat different argument concerning his failure to file an administrative claim. In *Meeker*, the plaintiff contended that he was not required to file an administrative claim because he was proceeding against the individual employee rather than the govern-

ment. In the case now before us the plaintiff-appellants contend that, although they were required to file a claim, that requirement was *satisfied* by the filing of a state court suit against the individual employee. This is a distinction without a difference. The result of accepting either argument would be the same—plaintiffs would be allowed to proceed to the merits of their claims in federal court without first having timely filed an administrative claim.

 We agree with the court in *Meeker* that dismissal is mandatory when a plaintiff fails to file a claim with the proper administrative agency:

> To hold otherwise would afford a claimant the choice of either pursuing administrative remedies or of filing suit against the individual employee. Congressional intent in enacting the requirement of exhaustion of administrative remedies, as evidenced by the legislative history of the 1966 amendment, was to improve and expedite disposition of monetary claims against the Government by establishing a system for prelitigation settlement, to enable consideration of claims by the agency having the best information concerning the incident, and to ease court congestion and avoid unnecessary litigation ... [I]f, as appellant urges, a claimant could forego agency consideration of a tort claim by the simple expedient of initiating an action against the individual employee in a state court, the effect which the amendment was intended to accomplish would be completely frustrated.

435 F.2d at 1222–23.

Similarly, in *Rogers v. United States*, 675 F.2d 123 (6th Cir.1982), the plaintiff

---

the situation it faced from that facing the courts in *Meeker v. United States*, 435 F.2d 1219 (8th Cir.1970) and *Rogers v. United States*, 675 F.2d 123 (6th Cir.1982). The court in *Williams* pointed out that the plaintiff had indeed filed a claim with the Postal Service and sought only to supplement the information in the form with the facts contained in his complaint, unlike the plaintiffs in *Rogers* and *Meeker* who argued that the filing of state suits constituted sufficient notice to the government. 693 F.2d at 558.

Furthermore, the Code of Federal Regulations provides no indication that the requirements of section 2401(b) are optional. Although 28 C.F.R. § 142(a) states that some form of written notification other than Standard Form 95 may be sufficient, it still requires that written notification, plus a claim for a sum certain, be received by the agency from the claimants.

initially filed suit in state court against the individual employee. The government subsequently removed the case to federal court and certified that the employee was acting within the scope of his employment. The plaintiff argued that he did not know the employee was acting within the scope of his employment and, in the alternative, that there was no requirement of filing an administrative claim where the plaintiff proceeds against the individual employee and the government substitutes itself as a party. 675 F.2d at 124. The court rejected both arguments and dismissed for failure to timely file an administrative claim. *Id.*

Again, although the plaintiff in *Rogers* made a somewhat different argument to justify his failure to file a claim, the dismissal of the suit in *Rogers* strongly suggests a similar result here.[11] Furthermore, even if *Meeker* and *Rogers* could be convincingly distinguished, which we are unable to do, there are numerous factually analogous district court cases in which suits were dismissed for failure to timely file administrative claims.[12]

Finally, we are concerned about the practical impact of holding that the filing of a state court suit satisfies the requirement of filing an administrative claim. Such a holding would be tantamount to judicial repeal of the provisions requiring the exhaustion of administrative remedies found in 28 U.S.C. § 2675. Whether a court holds that the filing of a state court suit against the individual employee obviates the need for filing an administrative claim, as the plaintiffs in *Meeker* and *Rogers* claimed, or whether it holds that the filing of a state court suit satisfies that administrative requirement would seem to make little practical difference. In neither instance is a claim presented by the claimant to the appropriate federal agency as required by law. Instead of our current, relatively straightforward system in which all claims must be presented to the relevant agency, we open a door for the multitude of plaintiffs' arguments that the administrative filing requirement was satisfied because the agency was aware of, or had notice of, their claims.

Moreover, if we adopt the position urged by appellants, we would begin to shift from plaintiffs the responsibility to properly file a claim. Instead, federal agencies or the U.S. Attorney would be forced to investigate the suits being filed in state court and to convince those plaintiffs to file administrative claims. This would add unnecessary confusion and inefficiency to the claims process. Finally, as noted by the court in *Meeker*, allowing these cases to come to federal court without first going through the administrative claims process would simply add to the federal docket and result in unnecessary litigation.

### III.

We turn now to appellants' contention that their causes of action did not accrue

---

**11.** *See also Driggers v. United States,* 309 F.Supp. 1377 (D.S.C.1970) (court dismissed suit because of failure to timely file an administrative claim, rejecting argument that requirement for an administrative claim did not exist when suit was filed against individual employee whose status as a government employee was not clearly known to plaintiff); *Dunaville v. Carnago,* 485 F.Supp. 545 (S.D.Ohio 1980) (follows *Driggers;* suit dismissed for failure to file administrative claim even though state court suit initiated against government employee within two years after accident).

**12.** *See, e.g., Flickinger v. United States,* 523 F.Supp. 1372, 1377 (W.D.Pa.1981) (court rejected plaintiff's argument that she had fulfilled the requirements of 28 U.S.C. §§ 2675(a) and 2401(b) by filing in state court, thereby putting government on notice of her claim); *Miller v. United States,* 418 F.Supp. 373, 376 (D.Minn. 1976) (court held that the filing of a state court suit did not provide an effective alternative to the administrative claim, stating "[t]he statute requires that the claim be 'presented in writing to the appropriate federal agency,' not that it came to the attention of the United States Attorney by some other means."); *Smith v. United States,* 328 F.Supp. 1224, 1226 (W.D.Tenn.1971) ("It is generally conceded that a plaintiff does not satisfy the requirement of filing an administrative claim by commencing an action in state court against the individual employee."); *Gunstream v. United States,* 307 F.Supp. 366, 369 (C.D.Cal.1969) ("Filing suit does not meet the requirement of first presenting a claim to the appropriate governmental agency.")

until they learned that the other vehicle's driver was a federal employee acting within the scope of her employment. The issue need not detain us because it has recently been addressed by this court.

In *Wilkinson v. United States*, 677 F.2d 998 (4th Cir.), *cert. denied*, 459 U.S. 906, 103 S.Ct. 209, 74 L.Ed.2d 167 (1982), a rented car being driven by a sailor on business for the Navy collided with the plaintiff's car. At the time of the crash, the plaintiff knew that the other driver was employed by the Navy. There was no indication, however, that the plaintiff was aware that the driver was actually on government business. 677 F.2d at 1000. The court in *Wilkinson* rejected the plaintiff's assertion that the cause of action did not accrue until he learned that the sailor was acting within the scope of his employment at the time of the crash. *Id.*

■■■ In the present case, the accident report indicated that the vehicle with which appellants collided was being used by the government. This was sufficient notice to prompt the appellants to explore the legal ramifications of the government's involvement. We cannot state more clearly what Judge Murnaghan has written in *Wilkinson:*

> In the instant case, the fact of injury and the identity of the person committing the injury were immediately beknownst. Plaintiff was possessed of sufficient knowledge to put him on inquiry as to whether Gray, a naval rating on active service, was operating within the scope of his employment. In any case, from the outset both the existence of his injury and its cause were known. What was not known, at most, was the fact that the Government would indemnify and hold harmless a naval rating who, nevertheless, clearly was and at all times remained the cause of plaintiff's injury.

677 F.2d at 1002. Here too the existence and the cause of the appellants' injuries were apparent from the outset. We must also conclude, therefore, that the appellants' cause of action accrued on the date of the collision.[13] Since the appellants failed to file their administrative claims within two years of the date of the accident, it is "forever barred" under section 2401(b).

## IV.

In conclusion, we hold that the appellants' cause of action accrued on the date of the collision. We also hold that the filing of appellants' suits in state court did not satisfy the requirement of filing an administrative claim with the appropriate government agency. Since the appellants submitted their claims to the Postal Service more than two years after the date of the accident, the filing was untimely under 28 U.S.C. § 2401(b). The district court therefore properly dismissed appellants' suits.

AFFIRMED.

WIDENER, Circuit Judge, dissenting:

I respectfully dissent.

I agree with the majority that the FTCA, 28 U.S.C. § 2401(b), bars a tort claim against the United States unless the appropriate federal agency has written notice of it within two years of its accrual; in this case, the time of the injury. In the present case, the negligence and alleged injuries occurred and were apparent, if at all, on March 14, 1980, the date of the collision. As a result, if plaintiff is required to rely on her administrative claim of July 6, 1982, filed more than two years after the date of the injury, then she is barred from pursuing any claim arising from the accident.

However, I do not believe that the timeliness of the present action is determined by the July 6, 1982 filing. Rather, I find persuasive Mrs. Henderson's second argu-

---

**13.** *See also Wollman v. Gross,* 637 F.2d 544 (8th Cir.1980), *reh'g en banc denied,* 646 F.2d 1306 (8th Cir.), *cert. denied,* 454 U.S. 893, 102 S.Ct. 389, 70 L.Ed.2d 207 (1981); *Rogers v. United States,* 675 F.2d 123 (6th Cir.1982); *West v.* *United States,* 592 F.2d 487 (8th Cir.1979); *Flickinger v. United States,* 523 F.Supp. 1372 (W.D. Pa.1981); *Lien v. Beehner,* 453 F.Supp. 604 (N.D. N.Y.1978), *Driggers v. United States,* 309 F.Supp. 1377 (D.S.C.1970).

ment, that the filing of the state court actions satisfied the requirements for bringing an administrative claim within the two-year limitations period.

In order to bring an FTCA action in a district court, a claimant must first fulfill the requirements of 28 U.S.C. § 2675(a), which states in pertinent part:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition within six months after it is filed shall, at the option of the claimant at any time thereafter, be deemed a final denial for purposes of this section....

This section requires, first, that a claim be presented to the appropriate federal agency. The definition of an administrative claim sufficient for this purpose is set forth in 28 C.F.R. § 14.2(a):

For purposes of the provisions of 28 U.S.C. §§ 2401(b) and 2672, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 *or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident.* (Emphasis added)

It is clear from the explicit language of the regulation that the satisfaction of the requirements for an administrative claim demands neither a Form 95 nor any other particular form of claim. *Crow v. United States,* 631 F.2d 28, 30 (5th Cir.1980). In *Williams v. United States,* 693 F.2d 555, 557 (5th Cir.1982), the Fifth Circuit stated the rule:

[A]n individual with a claim against the government satisfies the notice requirements of § 2675 if he or she: "(1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim." .... Moreover, we have held that no particular form or manner of giving such notice is required as long as the agency is somehow informed of the fact of and amount of the claim within the two-year period prescribed by § 2401(b); ....

We have before us a state court action filed on December 9, 1980, nine months after the date the cause of action accrued and well within the two-year requirement of § 2401(b). The state complaints well set out the facts surrounding the accident, and request damages for injuries suffered in sums certain. In addition, summons was issued for Beverly Cummings. Three weeks later, on December 30th, the government took notice of the state action and certified Cummings as a federal employee acting within the scope of her employment. This awareness of the accident and Cummings' involvement was acknowledged by both the Postal Service and the U.S. Attorney on two subsequent occasions. The government's knowledge of the substance and extent of Mrs. Henderson's claim is further confirmed by the decision to remove the state action to federal court on September 2, 1981.

All this makes it clear that Mrs. Henderson commenced her action in a timely fashion and that the government issued its certificate of employment well within the two-year period of limitations. The additional acknowledgment of Cummings' federal employment status and the subsequent removal of the state court action to federal court all establish that the government had prompt and complete notice of the claim. I believe these circumstances satisfy the policy underlying the requirement of filing an administrative claim, that is, the prompt

presentation of the claim to officers of the government for their consideration.

Indeed, upon removal to federal court, a state action is "deemed a tort action brought against the United States . . . ." 28 U.S.C. § 2679(d). Once Cummings, the driver of the postal truck, was certified as a federal employee acting within the scope of her employment, the only cause of action that existed was against the government. In these circumstances, the government became, as a matter of law, a party to the action filed in state court. *Henderson v. United States,* 429 F.2d 588, 590 (10th Cir. 1970). Since the events surrounding the state action transpired within 18 months of the date of the injury, it is my belief that the Postal Service received timely notice of the incident and the claim arising from it in accordance with the requirements of 28 U.S.C. §§ 2401(b) and 2675(a) and 28 C.F.R. § 14.2(a). *Accord Kelly v. United States,* 568 F.2d 259, 268 (2d Cir.1978) (dictum) (action started in state court against a federal employee is "prompt and complete notice of the claim" to the government).

Moreover, I am persuaded that Mrs. Henderson's pleadings filed in the state court action comply with 28 C.F.R. § 14.2(a), requiring "written notification of an incident, accompanied by a claim for money damages in a sum certain for [injuries] . . . alleged to have occurred by reason of the incident."

The government relies principally on the Eighth Circuit's decision in *Meeker v. United States,* 435 F.2d 1219 (8th Cir.1970), in arguing that the filing of a state court action cannot satisfy the written notification requirement for an administrative claim. It is my belief that this assertion does not correctly construe the holding of *Meeker.* In *Meeker,* the plaintiff brought a state court action against an individual government employee. The employee was subsequently certified as a federal employee acting within the scope of his employment, and the action was removed to federal court and dismissed for failure to file an administrative claim. The *Meeker* plaintiff did not file a new suit in the district court,

as here, but instead appealed the district court's dismissal of the removed state court action, contending that the state court action was brought against the employee in his individual capacity, and not against the United States, and therefore the requirements of 28 U.S.C. § 2675(a) did not apply. The court of appeals properly held that once certified as a federal employee acting within the scope of his employment, the only remedy the plaintiff had was against the United States. In affirming the dismissal of the action, the court properly concluded that the plaintiff could not circumvent the administrative claims process by maintaining a state court action against the individual employee.

While *Meeker* was obviously decided correctly, see also *Rogers v. United States,* 675 F.2d 123 (6th Cir.1982), and cf. *Wilkinson,* supra, the issue in *Meeker* and *Rogers* was not the same as that presented here. In each of those cases, FTCA plaintiffs, having filed suits in state court against individual government employees, attempted to proceed to judgment in those cases after removal to the federal district courts. No administrative action at all was taken. To have permitted Meeker and Rogers to proceed to judgment would have amounted to little less than judicial repeal of the administrative exhaustion requirements of 28 U.S.C. § 2675. Our case is quite different, however. Here, the plaintiff asked merely that her pleadings in the prior state court action be considered sufficient notice under the applicable statutes and regulations to set the administrative machinery in motion, and I think they were sufficient. The plaintiff here, as the plaintiffs in *Meeker* and *Rogers* did not do, filed her suit in the district court and relied on her prior state pleadings only for administrative notice, rather than relying upon them as a vehicle upon which to seek judgment.

Since I am of opinion that the state court action satisfied the requirements for a written notification of a claim, I now inquire into the existence of the second predicate to bringing an FTCA tort action: the final denial of the claim by the federal agency in

writing and sent by certified or registered mail, or, in the alternative, the failure of the agency to make such a final disposition within six months of the time the claim was filed. 28 U.S.C. § 2675(a).

On August 25, 1982, the Postal Service informed Mrs. Henderson by certified mail that her claim was being denied and would receive no further consideration. She filed the present action on April 5, 1983, more than seven months after the letter of denial. The government contends that this lapse in time bars her from further pursuing her claim under the FTCA. I agree with Mrs. Henderson, however, that the government's letter of August 25th did not constitute a final denial.

The pertinent administrative regulation provides:

> Final denial of an administrative claim shall be in writing and sent to the claimant, his attorney, or legal representative by certified or registered mail. The notification of final denial may include a statement of the reasons for the denial and *shall include a statement that, if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing of the notification.* 28 C.F.R. § 14.9(a) (Emphasis provided)

The Postal Service's letter of August 25th did not satisfy the italicized mandatory language of § 14.9(a). The letter, by its own terms, failed to inform Mrs. Henderson that she was required to file suit in a federal district court within six months in order to maintain her claim against the government. As a result, the letter did not comply with the government's own regulation, which was designed to avoid uncertainty as to the date of a "notice of final denial" for the purpose of commencing the six-month period within which to bring suit. Accordingly, the letter of August 28th was not a sufficient "notice of final denial" under 28 U.S.C. § 2401(b). *Martinez v. United States*, 728 F.2d 694, 698 (5th Cir. 1984), so holds on the same facts presented here. Since the letter did not constitute a

final denial, Mrs. Henderson was free to act at any time, under 28 U.S.C. § 2675(a), to deem such a failure to be a final agency denial, and to then proceed with her tort claim.

To sum it up, a claimant against the United States may present his claim by "other [than Form 95] written notice of an incident accompanied by a claim for money damages in a sum certain." 28 C.F.R. § 14.2(a). The cases are uniform that the notice need be in no particular form. But we now hold that the suit papers in a case filed in a state court and in the hands of the United States, and even of the particular agency, are not a sufficient compliance with § 2401(b) and § 14.2(a) upon which to base a later filed suit in the federal district court.

With respect to all, I cannot agree with such a result. I think the majority mistakes a case in which a plaintiff attempts to proceed in a federal district court with an action removed from a state court, which this case is not, with a plaintiff's reliance on state court pleadings merely for notice under § 14.2(a), which this case is.

I suggest that our holding is contrary to the reasoning of three courts of appeals which have spoken to the subject. Not only have *Crowe* and *Williams*, supra, so spoken, the Fifth Circuit rule has been explicitly followed in *Avery v. United States*, 680 F.2d 608 (9th Cir.1982) and in *Douglas v. United States*, 658 F.2d 445 (6th Cir.1981). See also *Kelly*, supra, 568 F.2d at 268.

I would reverse.