854 F.2d 1316
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Teresa D. DUTY, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 88-2053.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 11, 1988.
Decided July 27, 1988.
 
 Gary R. Hershner, Joseph Dee Morrissey, (Morrissey & Hershner on brief) for appellant;
 Debra Jean Prillman, Assistant United States Attorney (Henry E. Hudson, United States Attorney) for appellee.
 Before CHAPMAN, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 This case arises from an automobile accident in which Teresa D. Duty was injured when her vehicle collided with a vehicle operated by Byron Childress. At the time of the accident Childress was an FBI agent and was driving an FBI car within the scope of his employment. While Duty was provided with administrative claims forms to submit a claim to the agency as required by the Federal Tort Claims Act, 28 U.S.C. Sec. 2675(a) (1982) ("FTCA"), she instead filed this action against Childress in the Virginia state courts, seeking damages for personal injury. The government intervened and removed the action to federal court and was substituted as the proper party defendant.
 
 
 2
 The district court granted summary judgment to the government, holding it was without jurisdiction to hear the claim because Duty failed to pursue her administrative remedy within two years as required by the FTCA. See 28 U.S.C. Sec. 2401(b) (1982). The record reflects that Duty's father submitted a claim to the agency for property damage to the car driven by Duty, but Duty never submitted a claim for injury.
 
 
 3
 This case is controlled by our decisions in Henderson v. United States, 785 F.2d 121 (4th Cir.1986) and Wilkinson v. United States, 677 F.2d 998, (4th Cir.) cert. denied, 459 U.S. 906 (1982). Duty's state court action nor her father's administrative claim for property damage, considered independently or together, were sufficient to constitute the filing of an administrative claim for Duty's personal injuries as required by the FTCA. This appeal, by consent of the parties, was decided without oral argument, and the judgment of the district court is
 
 
 4
 AFFIRMED.