898 F.2d 146
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Rose MECKLEY, Plaintiff-Appellant,
v.
FEDERAL BUREAU OF PRISONS; Federal Correctional Institute,
Alderson; Bernie Ellis, Unit Manager for Unit 11;
Phyllis Deeds, Correctional Officer,
Defendants-Appellees.
 No. 89-6860.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 22, 1989.
Decided: Feb. 23, 1990.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Charles H. Haden, II, Chief District Judge. (C/A No. 89-1149-5)
 Rose Meckley, appellant pro se.
 Gary L. Call, Assistant United States Attorney, for appellees.
 S.D.W.Va.
 VACATED AND REMANDED.
 Before DONALD RUSSELL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Rose Meckley, a state prisoner housed at the federal prison in Alderson, West Virginia, filed a complaint under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act (FTCA), 28 U.S.C. Secs. 2671 et seq., seeking compensation for personal goods allegedly lost through the negligence of prison officials. The district court dismissed the complaint sua sponte for failure to demonstrate exhaustion of administrative remedies. On appeal, appellees concede that Meckley exhausted her administrative remedies when she filed her complaint and that the case should be remanded for further proceedings. We agree with appellees' view of the record and vacate the order of dismissal.
 
 In her complaint, Meckley stated:
 
 2
 I filed an administrative tort claim. The regional counsel for the Bureau of Prisons, David Essig, offered to settle the claim, but for less than the amount of property Alderson lost. I refused to accept this and was advised by Mr. Essig to file suit in the U.S. District Court. I am filing a claim for $55.45 to cover the cost of the items Alderson lost.
 
 
 3
 The district court interpreted this language to mean that Meckley's administrative complaint "is apparently still pending resolution." We disagree. In this context, the district court should take care to construe liberally the plaintiff's allegations showing exhaustion. If the allegations are found wanting, the court should allow the plaintiff an opportunity to amend her complaint. See Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir.1980). Here, a liberal construction of Meckley's allegations shows that Meckley affirmatively alleged that she had timely filed an administrative claim with the appropriate agency prior to filing her complaint in the district court. This is sufficient to invoke federal jurisdiction under the FTCA. See Henderson v. United States, 785 F.2d 121 (4th Cir.1986).
 
 
 4
 Accordingly, we vacate the order of dismissal and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented on this record and oral argument would not aid the decisional process.
 
 
 5
 VACATED AND REMANDED.