12 F.3d 212
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles Douglas INGRAM, Sr., Plaintiff-Appellant,
v.
Richard A. FREY, Jr.; United States of America, Defendants-Appellees.
 No. 93-5750.
 United States Court of Appeals, Sixth Circuit.
 Dec. 15, 1993.
 
 W.D.Ky., No. 91-00514; Allen, J.
 W.D.Ky.
 AFFIRMED.
 Before: KEITH and JONES, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Charles Douglas Ingram, Sr., appeals a district court judgment granting summary judgment in favor of defendant Frey and dismissing his complaint without prejudice against the United States. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff filed his complaint in the district court, alleging that he was deprived of his constitutional rights as a federal prisoner held at the Jefferson County (Kentucky) Correctional Facility between June 12, 1991, and August 28, 1991. Plaintiff named as defendants a Deputy United States Marshal (Hillen) and the Chief of the Jefferson County Corrections Department (Frey) in unspecified capacities, seeking only compensatory and punitive damages. A motion to substitute the United States as party defendant for Hillen was granted by the district court. Thereafter, Defendant Frey moved the district court for summary judgment, the United States moved to dismiss the complaint for lack of subject matter jurisdiction, and plaintiff responded in opposition to the motions. The district court granted the motion to dismiss with respect to the United States and granted summary judgment for defendant Frey. Thereafter, the district court granted plaintiff leave to appeal in forma pauperis.
 
 
 3
 Upon consideration, we affirm the judgment for the reasons stated by the district court in its memorandum and order entered May 12, 1993. The requirement that plaintiff's claim against the United States be presented to the appropriate federal agency is jurisdictional. 28 U.S.C. Sec. 2675(a); Rogers v. United States, 675 F.2d 123, 124 (6th Cir.1982) (per curiam). Moreover, plaintiff's action against Frey is treated as a suit against Jefferson County, see Barber v. City of Salem, Ohio, 953 F.2d 232, 237 (6th Cir.1992); Leach v. Shelby County Sheriff, 891 F.2d 1241, 1245 (6th Cir.1989), cert. denied, 495 U.S. 932 (1990), however, plaintiff has failed to show that a genuine issue remained for trial with respect to whether he was injured as a result of a "policy or custom" attributable to Jefferson County. Leach, 891 F.2d at 1245-48.
 
 
 4
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.