David Alan BEAR; Lynn Henderson Bear; James Lee Skeen; Paula Ray Skeen; Joshua Tyler Skeen; and Cori Nichole Skeen, Plaintiffs,

v.

John D. WYDRA, Jr.; Angela Martinez; Bob Ridgeway; Carl Horn, III; Diane K. Viscovo; L.A. Scott, Jr.; Michael F. Easley; Hal D. Lingerfelt; and Mary E. Hughes, Defendants.

No. 3:97–CV–500–P.

United States District Court, W.D. North Carolina, Charlotte Division.

Feb. 11, 1999.

David Alan Bear, Mooresville, NC, pro se.

Lynn Henderson Bear, Mooresville, NC, pro se.

James Lee Skeen, Mooresville,NC, pro se.

Paula Rae Skeen, Mooresville, NC, pro se.

Joshua Tyler Skeen, Mooresville, NC, pro se.

Cori Nichole Skeen, Mooresville, NC, pro se.

Keith A. Morris, Moreno Valley, CA, pro se.

Alice D. Clinton, San Marcos, CA, pro se.

Tommy Alexander, Stanley, NC, pro se.

Lois Johnson, Tioga, ND, pro se.

Betty Lou Sauer, Lander, WY, pro se.

Pauline Cart, Ann Arbor, MI, pro se.

Charles Cart, Ann Arbor, MI, pro se.

Shelley Johnson, Tioga, ND, pro se.

Allen Dodge, Lake Oswego, OR, pro se.

Susan R. Dodge, Lake Oswego, OR, pro se.

Gregory B. Sumner, Seaside, OR, pro se.

Esther Sumner, Seaside, OR, pro se.

AUSA James Sullivan, Charlotte, NC, L. McNeil Chestnut, Raleigh, NC, Lars Nance, Raleigh, NC, for defendants.

## MEMORANDUM OF DECISION AND ORDER

ROBERT D. POTTER, Senior District Judge.

**THIS MATTER** is before the Court on Plaintiffs' Motion to Remove State Action Pursuant to 28 U.S.C. § 1441 [document no. 90, filed 23 November 1998], Defendants' Motion for Summary Judgment and Dismissal [document nos. 89–1 and 89–2, filed 23 November 1998], and Plaintiffs' Motion for Summary Judgment [document no. 92, filed 10 December 1998].

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On 23 September 1997, Plaintiffs filed this pro se action against various federal government officials, seeking punitive damages and return of seized property. Plaintiffs' claims stem from a federal search and seizure warrant executed and served on 1 July 1997 at the offices of Netware International at 136 Stutts Road in Mooresville, North Carolina. Prior to obtaining the warrant, federal agents had been investigating Plaintiffs' alleged involvement in a fraudulent investment scheme. Plaintiffs assert that the manner in which the agents of the Federal Bureau of Investigation, the United States Postal Service, and the Internal Revenue Service executed and enforced the warrant and seized property pursuant to the warrant violated their constitutional rights and various federal civil rights. Plaintiffs pled ten causes of action, contending that Defendants conspired to violate various statutory and constitutional provisions (Claims 6 and 9) ("conspiracy claims"); that Defendants committed common law torts of assault, false imprisonment, intentional infliction of emotional distress, and fraud (Claims 3, 4, 7, and 10) ("tort claims"); and that Defendants deprived them of their constitutional rights in violation of 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)[1] (Claims 1, 2, 5, and 8) ("constitutional claims").

On 19 December 1997, the Court dismissed the action as to Defendant Michael

---

1. *Bivens* held that a court could infer a cause of action for damages against federal officials directly from constitutional provisions. 403 U.S. at 397, 91 S.Ct. at 2005. Similarly, a § 1983 suit challenges the constitutionality of state officials' actions. Claims brought pursu-

F. Easley, the Attorney General of North Carolina, and as to Defendant Hal D. Lingerfelt, the North Carolina Commissioner of Banks, for failure to state a claim upon which relief may be granted. On 26 March 1998, the Court dismissed Magistrate Judges Carl Horn III and Diane K. Vescovo from the lawsuit on grounds of judicial immunity and also dismissed the conspiracy claims for failure to state a claim.

On 16 September 1998, Plaintiffs David A. Bear, James L. Skeen, and Paula R. Skeen were indicted for multiple violations of 18 U.S.C. §§ 1341, 1343, 1956, and 1957, which resulted in criminal forfeiture proceedings against the property seized. *United States v. Bear*, No. 5:98–CR–221 (W.D.N.C.). This federal criminal action is still pending.

On 23 November 1998, Plaintiffs filed a motion pursuant to 28 U.S.C. § 1441 to remove a pending state court action, *North Carolina ex rel. Easley v. Bear*, No. 97–CV–08544 (Wake County N.C.Sup.Ct.), to this Court and to consolidate it with the instant case. The state court action involves charges that David A. Bear, Netware International Bank, and Netware International ("State Defendants") engaged in illegal banking activities and other fraudulent and deceptive practices.

The remaining Defendants in the instant case—i.e., the Special Agents and Postal Inspectors who executed the warrant—moved for summary judgment and dismissal on 23 November 1998. On 10 December 1998, Plaintiffs filed a response to Defendants' summary judgment motion and also moved for summary judgment themselves.

## II. DISCUSSION AND ANALYSIS

### A. Plaintiffs' Motion to Remove State Action Pursuant to 28 U.S.C. § 1441

Plaintiffs Motion to Remove must fail because they did not comply with the procedural requirements for removal. 28 U.S.C. § 1446. First, Plaintiffs filed a Motion to Remove to be ruled on by the Court rather than a requisite "Notice of Removal." § 1446(a). Second, even if Plaintiffs' Motion to Remove was treated as a Notice of Removal, it is hopelessly incomplete and untimely. Plaintiffs/State Defendants did not include "a copy of all process, pleadings, and orders served upon [State Defendants] in [the state court] action." *Id.* Also, Plaintiffs/State Defendants filed their removal motion more than fifteen months after service of the State's Complaint, whereas the removal statute requires that a Notice of Removal be filed within thirty days of service of the initial state court pleading. § 1446(b). Furthermore, Plaintiffs/State Defendants have fully participated in the state court action and have not objected to state court jurisdiction. The Court, therefore, will treat Plaintiffs' attempt to remove the pending state court action as a nullity.

### B. Defendants' Motion for Summary Judgment and Dismissal

Defendants move to dismiss the Complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficiency of process, insufficiency of service of process, and failure to state a claim upon which relief can be granted. Fed. R.Civ.P. 12(b)(1), (2), (4), (5), (6). Alternatively, Defendants move for summary judgment, which is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ. Proc. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). For the reasons set forth below, the Court will grant Defen-

---

ant to *Bivens* and § 1983 are identical for purposes of official immunity. *Butz v. Econo-*

*mou*, 438 U.S. 478, 500, 98 S.Ct. 2894, 2907, 57 L.Ed.2d 895 (1978).

dants' Motion for Summary Judgment and Dismissal.

■ The Court first must determine whether it has subject matter jurisdiction over Plaintiffs' Complaint; otherwise, the Court has no authority to rule on the merits of these claims. *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946). Defendants argue that claims against Government employees acting in their official capacities are actually claims against the United States. The United States is amenable to suit only insofar as it has consented to be sued. *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983). The waiver of the United States' sovereign immunity is strictly construed, *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 1502–03, 23 L.Ed.2d 52 (1969), and "cannot be avoided simply by naming officers and employees of the United States as defendants." *Ecclesiastical Order of the Ism of Am v. Chasin,* 845 F.2d 113, 115 (6th Cir.1988).

■ It is unclear whether Plaintiffs' Complaint is against Defendants in their individual or official capacities.[2] To the extent that the claims alleging constitutional violations are against Defendants in their official capacities, such claims are barred by the doctrine of sovereign immunity. *Brown v. General Servs. Admin.,* 425 U.S. 820, 826–27, 96 S.Ct. 1961, 1965, 48 L.Ed.2d 402 (1976).

Even if this Court were to find that Plaintiffs' constitutional claims could be brought against Defendants as individuals, qualified immunity would bar such claims.

Defendants would be entitled to qualified immunity because reasonably competent officers would have concluded that Defendants lawfully executed valid search and seizure warrants.[3] *Simmons v. Poe,* 47 F.3d 1370, 1385 (4th Cir.1995) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)).

■ In addition, the Court lacks subject matter jurisdiction over Plaintiffs' Complaint because the claims are a collateral attack on a pending federal criminal action. *Heck v. Humphrey,* 512 U.S. 477, 484, 114 S.Ct. 2364, 2371, 129 L.Ed.2d 383 (1994). A damages action against law enforcement officials does not accrue until the accused is able to prove a termination of the criminal proceedings in his favor. *Brooks v. City of Winston–Salem,* 85 F.3d 178, 183 (4th Cir.1996) (citing *Heck,* 512 U.S. at 484, 114 S.Ct. at 2371); *see Abella v. Rubino,* 63 F.3d 1063, 1065 (11th Cir. 1995) (holding that the *Heck* rule applies to actions under § 1983 and *Bivens* ). Plaintiffs' claims necessarily would implicate the validity of the pending criminal proceedings against them and therefore are not ripe for review.

■ The Court also notes that the creation of *Bivens* remedies is inappropriate where Congress already has created an effective remedy against the alleged constitutional violation or where "special factors counsel[ ] hesitation in the absence of affirmative action by Congress." *Schweiker v. Chilicky,* 487 U.S. 412, 421, 108 S.Ct. 2460, 2467, 101 L.Ed.2d 370 (1988) (quoting *Bivens,* 403 U.S. at 396, 91 S.Ct. at 2005). Such "special factors" include the

**2.** Plaintiffs did not properly serve a Summons and Complaint upon Defendants in their individual capacities; plus, they did not name the United States or any federal agency as a defendant and did not satisfy the service requirements for a suit against the United States. *See* Fed.R.Civ.P. 4.

**3.** The Court previously addressed the issue of qualified immunity in its Order filed 26 March 1998. At that time, the Court stated that it could not make any determination as

to Defendants' qualified immunity because Defendants had not yet presented any evidence that the officers' actions were reasonable under the applicable standard. Order filed 26 March 1998, slip. op. at 12. Since then, the warrants, affidavits, and indictment have been unsealed and submitted to the Court. (Def.'s Mot. Summ. J., Exs. 2–12.) These documents provide ample evidence that probable cause existed and that the warrants were facially valid.

existence of procedural and statutory mechanisms giving meaningful remedies against the United States, even if those remedies do not provide "complete relief" to the claimant. *Id.* at 423, 108 S.Ct. at 2467 (citing *Bush v. Lucas,* 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983)). Here, Plaintiffs, as criminal defendants, have adequate procedural remedies available to attack the seizure of their property, which is the crux of their Complaint. *See, e.g.,* Fed.R.Crim.P. 41(e) (motion for return of property), 12 (motion to suppress evidence). Thus, in addition to the other problems with Plaintiffs' constitutional claims, the Court hesitates to create a *Bivens* remedy here because an adequate remedy appears to exist in the pending criminal action.

Finally, as regards Plaintiffs' tort claims, it is not easy to glean from the Complaint whether such claims are asserted as part their *Bivens* action or whether they are to be construed as claims against the United States under the Federal Tort Claims Act ("F.T.C.A."), 28 U.S.C. §§ 1346(b), 2671–2680. To the extent that they purport to be *Bivens* claims, the Court will not elevate common law tort claims to constitutional status and therefore will dismiss them. *See, e.g., Daniels v. Williams,* 474 U.S. 327, 332–35, 106 S.Ct. 662, 665–67, 88 L.Ed.2d 662 (1986) (refusing to treat common law tort claim as a due process violation).

■ Even if the claims were construed as against the United States under the F.T.C.A.—which is the exclusive remedy for common law tort claims against individual federal officials acting with the scope of their employment at the time of the incident giving rise to the action, 28 U.S.C. § 2679(b)—the claims still would be dismissed. Prior to filing an action in federal court under the F.T.C.A., litigants must present their claims before the proper administrative agency, and the agency must either enter a final written decision denying relief or have failed to enter a final decision six months after filing. § 2675(a).

Failure to comply with this statutory requirement deprives federal district courts of subject matter jurisdiction to hear the case. *Henderson v. United States,* 785 F.2d 121, 123 (4th Cir.1986). Plaintiffs failed to establish that they complied with the requirements of § 2675; thus, the Court will dismiss Plaintiffs' tort claims.

### C. Plaintiffs' Motion for Summary Judgment

Plaintiffs' Motion for Summary Judgment is moot given the Court's ruling on Defendants' Motion for Summary Judgment. In any event, Plaintiffs have not met their burden of showing an absence of a genuine issue of material fact. Therefore, the Court will deny Plaintiffs' Motion for Summary Judgment.

### III. CONCLUSION

The nature of Plaintiffs' Complaint and their numerous subsequent frivolous pleadings suggests that their sole purpose in filing this suit was to retaliate against certain government officials for investigating Plaintiffs' alleged involvement in a criminal enterprise. For the foregoing reasons, the Court will deny Plaintiffs' procedurally-flawed Motion to Remove as void *ab initio.* Also, Plaintiffs' Complaint is dismissed in its entirety on several grounds. Accordingly, the Court will grant Defendants' Motion for Summary Judgment and Dismissal and will deny Plaintiffs' Motion for Summary Judgment.

**NOW, THEREFORE, IT IS ORDERED** that Plaintiffs' Motion to Remove State Action Pursuant to 28 U.S.C. § 1441 [document no. 90] be, and hereby is, **DENIED** as void *ab initio.*

**IT IS FURTHER ORDERED** that Federal Defendants' Motion for Summary Judgment [document no. 89–1] be, and hereby is, **GRANTED.**

**IT IS FURTHER ORDERED** that Federal Defendants' Motion for Dismissal [document no. 89–2] be, and hereby is, **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Summary Judgment [document no. 92] be, and hereby is, **DENIED.**

This Court will simultaneously file a separate Judgment dismissing Plaintiffs claims with prejudice.