Patrick and Ida **CASEY**, Plaintiffs,

v.

**UNITED STATES of America,
Defendant,**

v.

**WEXLER CONSTRUCTION COMPANY,
INC., Third-party Defendant.**

Civ. A. 82–1909–T.

United States District Court,
D. Massachusetts.

May 9, 1986.

Frank J. Ciano, Carol Petsko, Gargano & Piper, Cambridge, Mass., for plaintiffs.

Marianne B. Bowler, Asst. U.S. Atty., for defendant.

Francis Bousquet, Herlihy & O'Brien, Boston, Mass., for third party defendant.

### MEMORANDUM

TAURO, District Judge.

The United States hired Wexler Construction Company ("Wexler") as an independent contractor to perform renovations on a building owned by the United States. The work was supervised by the Army Corps of Engineers. Plaintiff Patrick Casey, an employee of Wexler, worked in the basement of the building for a period of months. During that time, he was exposed to thick dust, asbestos particles, and fumes. Plaintiff alleges that his pre-existing diabetes and obstructive pulmonary disease were gradually aggravated by these working conditions, causing him to become disabled for work since November, 1979.

Patrick Casey sued the United States under the Federal Tort Claims Act[1] ("FTCA"), alleging that its failure to provide safe working conditions on its property, and its inadequate supervision, resulted in his injuries. His wife, Ida, filed a claim against the United States for loss of consortium. The United States impleaded Wexler as a third-party defendant under Fed.R.Civ.P. 14(a)[2], alleging theories of contribution and contract indemnity.

Ida Casey has moved to add a direct claim against third-party defendant Wexler for loss of consortium. Wexler has moved to dismiss the United States' third-party claims, as well as plaintiff Ida Casey's direct claim. Wexler argues that 1) there can be no contribution, because the United States may be liable only for its own negligence under the FTCA, 2) there is no right of indemnity under the circumstances of this case, 3) Ida Casey's claim against the United States should be dismissed for failure to file an administrative claim, and 4) Ida Casey's claim against Wexler should be dismissed for lack of subject matter jurisdiction.

### I.

### Third-party Complaint Against Wexler

In its third-party complaint, the United States contends that Wexler is liable to the

---

1. The Federal Tort Claims Act, codified at 28 U.S.C. § 2671 et seq., states in relevant part, "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances...." 28 U.S.C. § 2674.

2. Fed.R.Civ.P. 14(a) provides in pertinent part, At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.

United States under two theories: 1) contribution under common law tort law, and 2) contractual indemnity.

### A. *Contribution*

It is clear that, under the Commonwealth's Workmen's Compensation Act, there can be no contribution with respect to Patrick Casey's claim. *See Liberty Mutual Insurance Co. v. Westerlind*, 374 Mass. 524, 373 N.E.2d 957, 959 (1978). But, the issue of contribution as to Ida Casey's claim remains.

In arguing against the possibility of contribution with respect to Ida Casey's claim, Wexler points out that, under the Federal Tort Claims Act, the United States can only be held liable for its own acts of negligence, and not for those of an independent contractor.[3] That argument, however, ignores the potential liability of the government as a joint tortfeasor. The United States could be held liable as a joint tortfeasor under one of two possible theories: 1) its failure to properly supervise the work performed by the contractor, *Petznick v. United States*, 575 F.Supp. 698, 704 (D.Neb.1983), and 2) its failure, as a landowner, to provide a safe place to work, *Stanley v. United States*, 347 F.Supp. 1088, 1091 (D.Me.1972).

In *Stanley*, the United States was liable as a landowner for leaving a hole in scaffolding on a tower. Judge Coffin, sitting by designation as a district judge, found the independent contractor to be negligent in not providing safety ropes for workers to use. He held that the United States was liable to the plaintiff for the full extent of his injuries, and the independent contractor was obligated to reimburse the full amount to the United States under a theory of contribution.

■ In this case, the United States could be found liable for not providing a properly ventilated work area or for not supervising the safety measures of Wexler. At the same time, Wexler could have been negligent in not taking proper safety measures, such as ventilating the basement or providing masks for the workers to wear. The United States could ultimately be found liable as a joint tortfeasor for the full extent of Ida Casey's injuries, subject only to a right of contribution against Wexler. The United States, therefore, has a basis for its third-party contribution claim against Wexler.

### B. *Indemnity*

■ The contract between the United States and Wexler provides: "The contractor shall . . . be similarly responsible for all damages to persons or property that occur as a result of his fault or negligence." Wexler argues that *United States v. English*, 521 F.2d 63 (9th Cir.1975) ruled that this exact clause does not require indemnification by an independent contractor to the United States. What the court actually held, however, was that this clause does not express an intention "that the contractor shall bear the burden of the *Government's* negligence." *Id.* at 68 (emphasis in original). Wexler does not cite a case standing for the proposition that this clause does not require a contractor to indemnify the government for the contractor's own negligence. Furthermore, although contribution from an employer is barred by Workmen's Compensation Act, contractual indemnity from an employer apparently is not barred. *See Roy v. Star Chopper Co.*, 442 F.Supp. 1010, 1015–18 (D.R.I.1977) (applying Massachusetts workmen's compensation law), *aff'd*, 584 F.2d 1124 (1st Cir.1978), *cert. denied*, 440 U.S. 916, 99 S.Ct. 1234, 59 L.Ed.2d 466 (1979).

■ Thus, if both the United States and Wexler are found to have been negligent, and the United States is liable to Patrick Casey for the full extent of his injuries, the United States may seek indemnification un-

---

**3.** The Federal Tort Claims Act, 28 U.S.C. § 2671, provides:

The term "Federal agency" includes the executive departments, the military departments, and independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States.

der the contract from Wexler for the share of the liability caused by Wexler's negligence. *See Petznick v. United States*, 575 F.Supp. 698 (D.Neb.1983) (where the Air Force failed to adequately inspect the work premises or to supervise work, and an independent contractor was negligent in not providing plaintiff with properly insulated equipment, the United States was liable to plaintiff for the full share of damages, and was entitled to partial indemnity from the contractor for its negligence).

Wexler, therefore, is a proper third-party defendant under theories of both contribution and indemnity. Its motion to dismiss the third-party claims must be denied.

## II.

### *Ida Casey's Claim Against the United States*

Wexler, exercising its rights under Fed. R.Civ.P. 14(a), asserts a defense of the United States against Ida Casey.[4] Filing an administrative claim is a prerequisite to filing a civil action against the United States under the Federal Tort Claims Act.[5] Wexler claims that Ida Casey did not properly file such a claim.

■ This issue has been previously litigated and decided against the United States, not once, but twice, in this case. *See* Order dated August 14, 1984; Order dated December 4, 1984. Third-party defendant Wexler cannot now attempt to resurrect and relitigate a defense of the United States that the United States has already litigated and lost. Wexler is bound by the prior determination. *See* 6 C.

Wright & A. Miller, *Federal Practice and Procedure* § 1457 at 305–09 (1971).

■ In any event, this court does not find Wexler's substantive arguments on behalf of the government to be persuasive. Patrick Casey asserts that he listed his wife on his claim form, and that this was sufficient to comply with the required administrative prerequisite. In support of this position, plaintiffs cite *Graves v. U.S. Coast Guard*, 692 F.2d 71 (9th Cir.1982) and *Campbell v. United States*, 534 F.Supp. 762 (D.Hawaii 1982) (husband filing and signing claim on wife's behalf allowed).

Wexler relies on four district court cases to argue that a spouse must file a separate administrative claim. *Heaton v. United States*, 383 F.Supp. 589 (S.D.N.Y.1974); *Mudlo v. United States*, 423 F.Supp. 1373 (W.D.Pa.1976); *Collazo v. United States*, 372 F.Supp. 61 (D.P.R.1973); *Knouff v. United States*, 74 F.R.D. 555 (W.D.Pa. 1977). In each of these cases, an injured party filed an administrative claim, but the spouse did not file a claim, nor was the spouse listed on the claim filed. When the injured party filed a complaint against the United States in district court, the spouse joined a claim for loss of consortium. In each case, the district court dismissed the spouse's loss of consortium claim.

The instant case is distinguishable from those relied upon by Wexler. Ida Casey was listed by her husband on the administrative claim form. Plaintiff's Memorandum at 6–7. The United States therefore, cannot complain of any unfair suprise. Furthermore, the purpose of the requirement that an administrative claim be

---

**4.** Fed.R.Civ.P. 14(a) provides, "The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim."

**5.** 28 U.S.C. § 2675(a) states:
An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the

appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant at any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

filed—to promote fair settlement [6]—was not hindered by Patrick Casey's including Ida Casey's claim on the same claim form. Wexler's motion to dismiss Ida Casey's claim for failure to file an administrative claim is denied.

## III.

### Ida Casey's Claim Against Wexler

Plaintiff Ida Casey has moved to add a direct claim against third-party defendant Wexler for loss of consortium. Wexler has moved to dismiss this claim. The loss of consortium claim arises under state law, and the parties are both Massachusetts residents. There is no independent basis of jurisdiction for this claim. To stand, therefore, Ida's claim must be based on pendent party jurisdiction.

■ Although the issue of pendent party jurisdiction was not pressed by the parties, it is one the court must decide because it relates to subject matter jurisdiction.

Neither the Supreme Court nor the First Circuit have ruled as to whether pendent party jurisdiction would be proper in situations such as this. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), and *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978) establish a three-step analysis for dealing with this issue. The court must consider 1) whether it has power under the constitution to hear the claim, 2) whether Congress has barred a suit against this particular defendant in its statutory grants of jurisdiction, and 3) whether, in its discretion, it should hear the claim.

■ The constitutional test is the most complicated. The grant of judicial power to hear "cases" and "controversies" in Article III of the Constitution empowers a federal court to hear certain state law claims between citizens of the same state, along with claims for which there is independent federal jurisdiction. *Gibbs* establishes, as a minimum requirement, that the pendent state law claim and the underlying federal claim must arise from a "common nucleus of operative fact." *Gibbs*, 383 U.S. at 725, 86 S.Ct. at 1138. The "common nucleus" test is met here. Ida Casey's liability claim against Wexler is already an integral part of the case, in that it tracks a portion of the United States' third-party claim against Wexler.

■ This, however, does not complete the constitutional analysis. The Court has placed additional limitations on the exercise of pendent party jurisdiction. In dicta, the Court has implied that, where a plaintiff voluntarily chooses federal court to assert a federal law claim against a defendant, he may not also, in the same suit, assert a solely state law claim against another distinct person or entity, over whom there is no independent federal jurisdiction. *Aldinger v. Howard*, 427 U.S. at 14, 18, 96 S.Ct. at 2420, 2422.

---

**6.** After reviewing the legislative history of the requirement of filing an administrative claim, one court summarized:

Clearly, the intent behind the [requirement that the claimant file an administrative claim prior to filing suit] is to ease court congestion and speed the decisionmaking process through the settlement of meritorious claims prior to trial. This "more expeditious procedure" is meant to benefit claimants and in no way is designed to preclude them from their day in court.... Yet, were the government's interpretation of Regulation 14.3(c) adopted in this case, the administrative process would not serve as a settlement tool but, instead, would act as a procedural roadblock for plaintiffs. ... Congress ... intended to less-

en the court caseload through "fair settlement," not procedural default.
*Van Fossen v. United States*, 430 F.Supp. 1017, 1022 (1977). *See also Executive Jet Aviation, Inc. v. United States*, 507 F.2d 508 (6th Cir.1974) (insurer who was not listed as a claimant on the administrative claim was not barred from suit where the United States received a formal and full notice of the claim and the insurer's failure to appear on the claim did not hinder the United States' settlement opportunities or defense of the merits of the case) *Young v. United States*, 372 F.Supp. 736 (S.D.Ga.1974) (failure fully to identify minors on administrative claim did not bar suit on behalf of minors where there was no prejudice to the government and bar would impose injustice on the minors).

There is a substantive distinction between the situation here and that which was present in *Aldinger.* In this case, plaintiff does not assert pendent party jurisdiction to reach a person over whom there is no independent federal jurisdiction. Indeed, Wexler has already been impleaded properly by the United States as a third-party defendant under Fed.R.Civ.P. 14(a). Plaintiff, therefore, relies on pendent party jurisdiction merely to assert a state claim against a pre-existing party, over whom there is independent federal jurisdiction. As the Court noted in *Aldinger,* "If the new party sought to be joined is not otherwise subject to federal jurisdiction, there is a more serious obstacle to the exercise of pendent jurisdiction than if parties already before the court are required to litigate a state-law claim." *Id.* at 18, 96 S.Ct. at 2422. The Court of Appeals for the First Circuit has also emphasized this distinction:

> The entity against which the nonfederal claim is raised is already a party as the result of the United States' third-party complaint ... so there is no need to decide whether pendent power can be stretched to the point of bringing a wholly new, nonfederal party into a lawsuit.

*Ortiz v. United States v. Hospital Mimiya, Inc.,* 595 F.2d 65, 70 (1st Cir.1979).[7]

■ The statutory test is straightforward in this case. The First Circuit has ruled that the Federal Tort Claims Act does not contain a bar to the exercise of pendent party jurisdiction. *Ortiz v. United States,* 595 F.2d 65, 68–73 (1st Cir.1979).

■ Finally, a district court has discretion to hear or refuse to hear a pendent party claim. The court should consider the factors of judicial economy, convenience, and fairness to litigants. *Gibbs,* 383 U.S. at 726, 86 S.Ct. at 1139; *see also Federal Deposit Insurance Corp. v. Otero,* 598 F.2d 627 (1st Cir.1979); *Marriner & Co. v. Micro/Vest Corp.,* 634 F.Supp. 836 (D.Mass.1986). These factors combine to favor the exercise of pendent party jurisdiction here. Ida Casey's direct claim against Wexler will not add appreciably to the time it will take to try the United States' claim against Wexler. By joining the cases, all three parties will be relieved from having to relitigate in state court the conduct of both Wexler and the United States. Moreover, it would be more convenient for the litigants and witnesses to have all discovery and trial matters handled by one court in one proceeding. Wexler argues that it would be prejudiced by allowing Ida Casey to add a direct claim against it so late in the case. But, her liability claim is identical to that of the United States against Wexler, for which Wexler should be prepared.

## IV.

### Conclusion

Third-party defendant Wexler's motions to dismiss plaintiff Ida Casey's claim against the United States and to dismiss the United States' third-party complaint are denied. Plaintiff Ida Casey's motion to amend her complaint is allowed. Wexler's motion to dismiss Ida Casey's complaint against it is denied.

AN ORDER WILL ISSUE.

---

7. This case may be contrasted with the situation where a plaintiff attempts to assert pendent jurisdiction over a person not a party to the lawsuit. *See Marriner & Co. v. Micro/Vest Corp.,* 634 F.Supp. 836 (D.Mass.1986). The Court has stressed the importance of this distinction:

> [I]t is one thing to authorize two parties already present in federal court by virtue of a case over which the court has jurisdiction, to litigate in addition to their federal claim a state-law claim over which there is no independent basis of jurisdiction. But it is quite another thing to permit a plaintiff, who has asserted a claim against one defendant with respect to which there is federal jurisdiction, to join an entirely different defendant on the basis of a state-law claim over which there is no independent basis of federal jurisdiction, simply because his claim against the first defendant and his claim against the second defendant "derive from a common nucleus of operative fact."

*Aldinger v. Howard,* 427 U.S. at 14, 96 S.Ct. at 2420 (*quoting United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966)).