**MARRINER AND CO., INC., Plaintiff,**

v.

**MICRO/VEST CORP., et al.,
Defendants.**

Civ. A. No. 85–2758–T.

United States District Court,
D. Massachusetts.

May 9, 1986.

Michael T. Wallender, William F. Conway, Brian J. McCann, DeGraff, Foy, Conway, Holt-Harris & Mealey, Albany, N.Y., for Marriner & Co.

William F. Conway, Michael T. Wallender, Brian J. McCann, DeGraff, Foy, Conway, Holt-Harris & Mealey, Albany, N.Y., for Gerrity and Creighton.

John M. Harrington, Jr., Jeffrey B. Storer, Ropes & Gray, Boston, Mass., for Bailey and Powers & Hall.

Edward J. Barshak, Natasha C. Lisman, Sugarman, Rogers, Barshak & Cohen, Boston, Mass., for P. Loring Reed, Jr.

Thomas D. Burns, Burns & Levinson, Boston, Mass., for Micro/Vest, John Martin-Musumeci, Phillip L. Reed, III, and B. Andreghetto.

## MEMORANDUM

TAURO, District Judge.

The underlying litigation involves a number of federal securities claims against several defendants. The complaint also sets forth state claims, but not federal claims, against an attorney, Andrew Bailey, and the law firm of Powers & Hall. Bailey and Powers & Hall move to dismiss, arguing that this court does not have pendent party jurisdiction over them.

### I

In order to resolve the jurisdictional issues raised by this motion, it is useful to examine the nature of the claims against each defendant, including the non-moving defendants. The dispute arises from the sale of a note by Marriner and Co., Inc. to Micro/Vest Corp. Micro/Vest Corp. is the subject of 1) a federal claim for securities fraud (First Claim), and 2) a common law deceit claim (Fourth Claim). Loring Reed is alleged to have 1) violated federal securities laws (First Claim), 2) breached fiduciary duties owed to plaintiff (Third Claim), 3) committed common law deceit (Fourth Claim), and 4) wrongfully appropriated a corporate opportunity belonging to plaintiff (Sixth Claim). Phillip Reed is the subject of 1) two federal securities fraud claims (First and Second Claims), 2) a breach of fiduciary duty claim (Third Claim), 3) a common law deceit claim (Fourth Claim), and 4) a claim that he wrongfully appropriated a corporate opportunity belonging to plaintiff (Sixth Claim). John Martin is charged with 1) violating federal securities laws (First and Second Claims), and 2) common law deceit (Fourth Claim). Bruno Andreghetto is the subject of a federal securities claim (Second claim). Each of these defendants, therefore, is the subject of a federal law claim.

Bailey is the subject of 1) the Third Claim, for allegedly breaching fiduciary duties owed to the plaintiff, and 2) the Fifth Claim, charging him with negligence and breach of fiduciary duty. Powers & Hall is alleged, in the Fifth Claim, to have acted negligently, and to have breached a fiduciary duty owed to plaintiff. The claims against these two defendants are based solely on state law.

The moving defendants argue that this court either does not have, or should not exercise, jurisdiction over the claims against them. Plaintiff disagrees, asserting that this court does have jurisdiction over all pending claims by virtue of 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 15 U.S.C. § 78aa. In addition, plaintiff as-

serts that the court has pendent jurisdiction over all state law claims alleged.

Defendants' motion raises an issue of pendent party jurisdiction that the Supreme Court has characterized as a "subtle and complex question with far reaching implications." *Aldinger v. Howard*, 427 U.S. 1, 2, 96 S.Ct. 2413, 2415, 49 L.Ed.2d 276 (1976) (*quoting Moor v. County of Alameda*, 411 U.S. 693, 715, 93 S.Ct. 1785, 1799, 36 L.Ed.2d 596 (1973). In seeking dismissal, defendants rely heavily on dictum in *Aldinger*:

> ... it is one thing to authorize two parties already present in federal court by virtue of a case over which the court has jurisdiction, to litigate in addition to their federal claim a state-law claim over which there is no independent basis of jurisdiction. But it is quite another thing to permit a plaintiff, who has asserted a claim against one defendant with respect to which there is federal jurisdiction, to join an entirely different defendant on the basis of a state-law claim over which there is no independent basis of federal jurisdiction, simply because his claim against the first defendant and his claim against the second defendant "derive from a common nucleus of operative fact." [*United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966)].

*Aldinger*, 427 U.S. at 14, 96 S.Ct. at 2420.

■ Here, plaintiff seeks to litigate state claims against defendants, over whom there is no independent federal jurisdiction, along with federal claims against other defendants who are clearly subject to this court's jurisdiction. Plaintiff argues that it is proper to do so, because the federal and state claims have a "common nucleus of operative fact." This court disagrees and holds that, even assuming a common nucleus of operative fact,[1] it has no pendent or ancillary jurisdiction over the purely state action defendants. *See, e.g., Glus v. Murphy Co.*, 562 F.2d 880, 887 (3d Cir.1977). The claims against them, therefore, must be dismissed.[2]

## II

■ Even if there were pendent party jurisdiction over defendants Bailey and Powers & Hall, this court would, in its discretion, not exercise it. In *Gibbs*, the Court clearly stated that "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139. That discretion applies to the joinder of "pendent parties" as well as "pendent claims." The application of such discretion is governed by "considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims." *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139. *See also Aldinger*, 427 U.S. at 14, 96 S.Ct. at 2420; *Federal Deposit Ins. Corp. v. Otero*, 598 F.2d 627 (1st Cir.1979).

Here, there are practical factors that militate against joining the federal claims with those that are purely state in nature. Whether or not there is a common nucleus

---

1. A court may only hear a pendent state law claim if it "derive[s] from a common nucleus of operative facts." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). This court has not decided whether or not the claims against defendants Bailey·and Powers & Hall constitute the same "case" as the securities claim cases against the other defendants.

2. This case may be contrasted with the situation where pendent jurisdiction is asserted over a party who is involved in the suit independently of the pendent party claim. *See, Casey v. United States v. Wexler Constr. Co.*, —— F.Supp. ——, CA No. 82–1909–T, slip op., (D.Mass, May 9, 1986). The First Circuit has suggested that independent presence of a party makes it amenable to pendent party jurisdiction:

> We, too, need not reach the difficult question whether the district court would have power under Article III to join a nonfederal party as well as hear a nonfederal claim. *See Aldinger*, 427 U.S. at 14–15, 96 S.Ct. at 2420–21. In the present case, the entity against which the nonfederal claim is raised is already a party as the result of the United States' third-party complaint which was based upon an independent ground of federal jurisdiction, 28 U.S.C. § 1345.

*Ortiz v. United States Government v. Hospital Mimiya, Inc.* 595 F.2d 65, 70 (1st Cir.1979).

of fact, the theories of action against the state defendants are substantively distinct from those involving the federal defendants. For this reason, the court has already indicated, at a hearing held on February 24, 1986, that it would likely sever the cases against defendants Bailey and Powers & Hall, in order to avoid the possibility of confusion and resulting prejudice to any party. This means that, in any event, there would be two trials. No judicial economy would be realized by having two trials in federal court, as opposed to there being one trial in federal court and one in state court. With respect to the convenience of the parties, the court recognizes that some additional burden is placed upon plaintiff by having to participate in two trials. The weight of this consideration is counterbalanced, however, by the fact that there would be two trials even if this court accepted jurisdiction.

An order will issue.