Peter A. KOKARAS, Diane Kokaras

v.

UNITED STATES of America.

Civ. No. 90–198–S.

United States District Court,
D. New Hampshire.

Nov. 7, 1990.

David C. Engel, U.S. Atty., Exeter, N.H., for defendant.

Nancy E. Hart, Concord, N.H., for plaintiffs.

## ORDER

STAHL, District Judge.

Plaintiffs Peter and Diane Kokaras allege that on May 8, 1987, in Hampton, New Hampshire, a United States Postal Service employee negligently caused a collision with their car. Plaintiffs seek recovery for damages to their car and for injuries to the driver (Peter Kokaras) and the passenger

(Diane Kokaras). Additionally, both claimants seek damages for loss of consortium resulting from their injuries.

Before the Court is the defendant's motion to dismiss, or in the alternative, for summary judgment. The United States argues that it is entitled to dismissal or summary judgment because plaintiffs have not exhausted their administrative remedies as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* Jurisdiction is governed by 28 U.S.C. § 1346(b).[1]

## DISCUSSION

It has long been established that the United States is entitled to sovereign immunity from tort claims. In enacting the FTCA, Congress waived that sovereign immunity under certain specific circumstances. *United States v. Kubrick,* 444 U.S. 111, 117–118, 100 S.Ct. 352, 356–357, 62 L.Ed.2d 259 (1979). Under the FTCA, claimants must exhaust the appropriate administrative remedies. The FTCA specifically provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall

have first presented the claim to the appropriate Federal Agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make a final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for the purposes of this section.

28 U.S.C. § 2675(a).

Under the circumstances of this case, plaintiffs were required to present the Hampton, New Hampshire, Post Office with an "executed standard form 95 or other written notification of [the] incident, accompanied by a claim for money damages in a sum certain" for their personal injuries and property loss. 28 C.F.R. § 14.2(a).[2] Failure to execute a standard form within two years forever bars the claim. 28 U.S.C. § 2401(b).[3] Satisfaction of the administrative exhaustion requirement is jurisdictional and cannot be waived. *Richmond v. United States,* 709 F.2d 122, 124 (1st Cir.1983). If the agency denies the claim or fails to act on the claim within six months, suit may be filed in federal court. 28 U.S.C. §§ 2401(b), 2675(a).

On June 2, 1987, plaintiffs submitted a form 95 to the Hampton, New Hampshire, Post Office. The relevant part of that form is reproduced below.

> personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative." Some circuits have held that this administration regulation cannot be applied to define the jurisdiction of a federal court. *See GAF Corp. v. United States,* 818 F.2d 901, 920 (D.C.Cir.1987) (and cases cited therein).

**1.** 28 U.S.C. § 1346(b) provides: "Subject to the provisions of chapter 171 of this title, the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

**2.** 28 C.F.R. § 14.2(a) provides: "For the purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property,

**3.** 28 U.S.C. § 2401(b) provides: "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

| 1. SUBMIT TO: Postmaster U.S. Post Office Hampton, NH 03842-9998 | 2. NAME AND ADDRESS OF CLAIMANT *(Number, street, city, State, and Zip Code)* PETER A KOKARAS DIANE N. KOKARAS. RTE 107 #213 SEAbRook, N.H 03874 | | |
|---|---|---|---|
| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. AGE P.48 D 44 | 5. MARITAL STATUS | 6. NAME AND ADDRESS OF SPOUSE, IF ANY *(Number, street, city, State, and Zip Code)* BoTh on Registration of Vehicle (PETER And DiAne) |
| 7. PLACE OF ACCIDENT *(Give city or town and State; if outside city limits, indicate mileage or distance to nearest city or town)* HAmpToN CeNTeR, HAmpToN, N.H. High STReeT. | | 8. DATE AND DAY OF ACCIDENT 5-08-87 Friday | 9. TIME (A.M OR P.M) 10:15 AM |
| 10. AMOUNT OF CLAIM *(in dollars)* | | | |
| A. PROPERTY DAMAGE $ 2,706.61 | B. PERSONAL INJURY To be determined | C. WRONGFUL DEATH | D. TOTAL |

Only Mr. Kokaras' signature appears on the form 95. There is conflicting evidence whether he or his attorney ever submitted medical reports and bills or other information pertaining to the claim within the two year statutory period.

### 1. Claim Asserted by Peter Kokaras

■ The government contends that this form 95 did not satisfy the regulatory standards because it fails to state a sum certain. In the government's view, the form is flawed because (1) "to be determined" was entered for the amount of claim pertaining to personal injury, and (2) there is no indication of the total amount of the claim. Therefore, the government argues, plaintiffs did not satisfy the requirements of 28 U.S.C. § 2675(a) as governed by 28 C.F.R. 14.2(a) and the Court lacks jurisdiction over plaintiff's complaint.

The administrative filing provision of 28 U.S.C. § 2675(a) requires that a claim be "presented" to the appropriate federal agency as a jurisdictional prerequisite to commencement of suit. *See GAF Corp. v. United States*, 818 F.2d 901, 917–923 (D.C. Cir.1987) (and cases cited therein). Courts are divided, however, over what exactly must be presented to satisfy this requirement.

Noting that the Supreme Court has "long decided that limitations and conditions upon which the government consents to be sued must be strictly observed and

exceptions thereto are not to be implied," the District Court of Massachusetts found that a form 95 that identified the amount of property damage as "Approx. $2,050.00", and personal injury as "not less than ... $250,000", and failed to specify "total" damages, failed to satisfy the administrative presentment requirement. *Casey v. United States Postal Service*, 613 F.Supp. 362, 363–364 (D.C.Mass.1985) (resulting in the dismissal of the plaintiff's complaint) (citing *Soriano v. United States*, 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957)). Similarly, the Sixth Circuit dismissed an FTCA claim where the plaintiff left the spaces for "personal injury" and "total" on the form 95 blank. *Allen v. United States*, 517 F.2d 1328 (1975). The *Allen* court held that the standard form 95 submitted by the plaintiff could not be considered a valid claim because of the failure to state a demand for a sum certain on the form in accordance with 28 C.F.R. § 14.2(a). *Id.*, at 1329–1330. *See also, Bialowas v. United States*, 443 F.2d 1047 (3rd Cir.1971); *Jordan v. United States*, 333 F.Supp. 987, 989–90 (E.D.Pa. 1971), *aff'd*, 474 F.2d 1340 (3rd Cir.1973).

Other courts construe the administrative presentment requirement more liberally. In *Williams v. United States*, 693 F.2d 555 (5th Cir.1983), the plaintiff did not indicate any amount sought for personal injuries or a total amount claimed on his form 95. *Id.*,

at 556. However, since the plaintiff's attorney sent a letter to the Postal Service detailing the personal and property damages sought by the plaintiff, the court held that the notice requirements of the FTCA were fulfilled. *Id.* The *Williams* Court refused to dismiss the action even though the attorney's letter was sent *after* the two year statute of limitations had run. *Id. See also, Boyd v. United States,* 482 F.Supp. 1126 (W.D.Pa.1980); *Knapp v. United States,* 844 F.2d 376, 379 (6th Cir. 1988) (a claimant who fails to comply with the presentment regulations loses the opportunity to settle outside the courts, not the right to sue).

Relevant legislative history supports a liberal construction of the exhaustion requirement. Congress had two main purposes in enacting § 2675(a) of the FTCA. First, Congress sought to "ease court congestion and avoid unnecessary litigation, while making it possible for the government to expedite the fair settlement of tort claims asserted against the United States." S.Rep. No. 1327, 89th Cong., 2d Sess., *reprinted in* 1966 U.S.Code Cong. & Admin. News 2515–2516. Second, Congress wanted to provide "fair and equitable treatment of private individuals and claimants when they deal with the government or are involved in litigation with the government." *Id.* The dominant theme of § 2675(a), therefore, is to apprise the agency involved in the activity which gave rise to the claim so that fair settlement can be effectuated if warranted. *See GAF Corp. v. United States,* 818 F.2d 901, 919 (D.C.Cir.1987) ("Congress repeatedly characterized presentment as a simple requirement of notice.") In *Lopez v. United States,* 758 F.2d 806 (1985), the First Circuit stated, "The claims process is meant largely to furnish notice to the government sufficient to allow it to investigate the alleged negligent episode to determine if settlement would be in the best interests of all." *Id.,* at 810. Moreover, it seems fair to conclude that the FTCA is "intended to provide a framework conducive to the administrative settlement of claims, not to provide a basis for a regulatory checklist which, when not fully observed, permits the termination of claims regardless of their merits." *Erxleben v. United States,* 668 F.2d 268, 273 (7th Cir.1981) (quoting *Koziol v. United States,* 507 F.Supp. 87, 91 (N.D.Ill.1981)).

Defendant's position is also undermined by the fact that federal regulations do not require the form 95 to be used at all since "other written notification of an incident, accompanied by a claim for damages in a sum certain" will suffice for compliance with § 2675(a). 28 C.F.R. § 14.2(a).

In this case, the Court finds that Hampton, New Hampshire, Post Office personnel were fully apprised of Mr. Kokaras' claim. A May 3, 1988 letter from the Hampton Postmaster to Mr. Kokaras' attorney states that all estimates and bills associated with the May 8, 1987 accident were turned over to a postal investigator and that he had met with Mr. Kokaras on several occasions in attempts to resolve the case. Exhibit to Plaintiff's Answer to Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment.

Moreover, there is no indication that the government in any way notified Mr. Kokaras that the "sum certain" requirement was not met until August 2, 1990 after the present lawsuit was filed and after the statutory period had run. Like *Lopez, supra,* this is not a case where the claimant "spurned the government's repeated requests for more information after the claim form had been filed." 758 F.2d at 810. No administrative purpose would be served by requiring an obviously inflated "sum certain" where there could be honest uncertainty as to the amount of the claim when it was filed. The Hampton Postmaster's May 3, 1988 letter indicates negotiations were at least initiated and hence the purposes of the FTCA were fulfilled in this case.

Accordingly, the defendant's motion to dismiss, or in the alternative, for summary judgment as it pertains to Peter Kokaras' claim is denied.

### 2. Claim Asserted by Diane Kokaras

The government also contends that even though Diane Kokaras' name is in-

cluded on the form 95, she is barred from now suing the government since she did not sign the form 95, since the form 95 presented to the Hampton, New Hampshire, Post Office fails to state a sum certain, and since the form contains no description of her claim. The government argues that "the law is clear: Each person asserting a claim must file his own separate administrative claim as a prerequisite to jurisdiction." Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment at 7.

This Court finds no such requirement in the applicable law. Both Peter and Diane Kokaras' names appear as claimants on the form 95. Both of their ages are listed. The government should have had notice that Diane Kokaras was a claimant since Mr. Kokaras made specific references to his wife on the form. Albert W. Sullivan, Senior Attorney for the Postal Service has stated in declarations and letters to plaintiff's counsel that he reviewed the claims of Peter Kokaras *and* Diane Kokaras. The government cannot complain of any unfair surprise—the promotion of fair settlement was not hindered by including both Peter Kokaras and Diane Kokaras on one claim. *See Casey v. United States*, 635 F.Supp. 221, 225–226 (D.Mass.1986). Moreover, 28 C.F.R. § 14.3 allows one's agent to file a claim on his or her behalf.[4]

Most of the authority on which the government relies is distinguishable since the spouse in those cases was not even listed as a claimant on the administrative form. *See e.g., Johnson v. United States*, 704 F.2d 1431, 1442 (9th Cir.1983); *Collins v. GMC*, 101 F.R.D. 1 (W.D.Pa.1982). This Court and other courts in this jurisdiction have held that when the spouse is specifically identified as a claimant on the form 95, the presentment requirement is fulfilled. *See Hardiman v. United States*, No. 88–279–D, slip op. (D.N.H. Feb. 1989); *Casey v. United States*, 635 F.Supp. 221 (D.Mass.1986).

Accordingly, the defendant's motion to dismiss, or in the alternative, for summary judgment (document no. 9) is denied.

SO ORDERED.

---

**4.** 28 C.F.R. § 14.3 provides that a claim for injury to or loss of property may be presented by the owner of the property or his duly authorized agent or legal representative and that a claim for personal injury may be presented by the injured person, his duly authorized agent, or legal representative. 28 C.F.R. § 14.2 requires some evidence of authority to present a claim on behalf of another, but in this case that authority is self evident.