Jack LUNDGREN, et al., Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civ. No. 5–92–83.

United States District Court,
D. Minnesota.

Nov. 9, 1992.

David N. Kragseth, Merritt Furber &
Timmer, Minneapolis, MN, for plaintiffs.

Timothy B. Walthall, U.S. Dept. of Justice, Torts Branch, Civil Div., Washington
DC, and Fred Siekert, Asst. U.S. Atty.,
Minneapolis, MN, for U.S.

## MEMORANDUM OPINION
## AND ORDER

DIANA E. MURPHY, Chief Judge.

Plaintiffs brought suit against the United States of America under the Federal
Tort Claims Act (FTCA), 28 U.S.C. §§ 1346,
2671, *et seq.* They allege that the Environmental Protection Agency (EPA) negligently failed to warn them of their exposure to
chemicals in the ground water near the
Arrowhead oil refinery located in Duluth,
Minnesota. The United States moves to
dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal
Rules of Civil Procedure on the ground
that plaintiffs did not exhaust their administrative remedies pursuant to 28 U.S.C.
§ 2675(a). The United States also moves
for summary judgment on the statute of
limitations.

I.

Jack and Frances Lundgren live on property located in St. Louis County, near Duluth, Minnesota. Frances' mother, Deloris
Peterson, lives next door to them. They
have two daughters: Jeyn Deloris Kahander and Jayn Helen Brown. Jeyn Deloris
Kahander is married to Stuart Kahander.
Jayn Helen Brown is married to Todd Jeffrey Brown and they have two daughters:

Jessalyn Michelle Brown and Katlyn Brown. The daughters and their families were either frequent guests or residents on the properties.

The properties owned by the Lundgrens and Deloris Peterson are located near the Arrowhead Refinery Superfund Site. From 1945 to February, 1977, this site had been used to reclaim waste oil. The reclamation resulted in ground water contamination.

In November, 1987, the EPA sampled the water well which supplied the properties owned by the Lundgrens and Deloris Peterson. CH2M–Hill, an engineering firm, analyzed the samples on November 24, 1987. The analysis showed elevated levels of tetrachloroethene, and the presence of toluene, methylene chloride and 1, 1, 1–trichloroethane.

Plaintiffs repeatedly requested the EPA to tell them the results of the analysis. Plaintiffs allege that Rhonda McGride, a remedial project manager at the EPA, directed the Minnesota Pollution Control Agency not to release the results. On May 5, 1989, the EPA informed them of the test results. It advised the plaintiffs to ventilate the home during heavy water use, such as laundering, showering, or cooking. It also advised plaintiffs to use bottled water for drinking and cooking. Plaintiffs had used well water for these activities.

On February 27, 1991, Jack and Francis Lundgren filed a standard Form 95 "Claim for Damage, Injury, or Death" with the EPA. The claim purported to "also submit claims on behalf of her mother and their children and grandchildren." Def. Ex. 1. It stated that the amount of the claim was $540,000. The Lundgrens, and their representative, Grant Merritt, signed the claim form.

A covering letter indicated that the claimants planned to supplement the claim. On May 1, 1991, Grant Merritt sent a supplement which stated that six of the plaintiffs appointed him as their legal representative in connection with the claim. On July 15, 1991, there was another supplement entitled "Authorization of Legal Representation," signed by Deloris Peterson.

On October 24, 1991, the EPA sent a letter to Mr. Merritt finding that there had not been a claim submitted for purposes of the FTCA. The EPA determined that the claim was deficient because it did not "state a sum certain amount for each claimant." Def. Ex. 5. The EPA also indicated that it did not consider the claims of Jessalyn Michelle Brown and Katlyn Brown because there was inadequate "proof of [his] authority to represent the minors."

On December 2, 1991, the claim was amended by the addition of two documents. The first document itemized damages for each individual. The second document is an affidavit signed by Jayn Helen Brown and Todd Jeffrey Brown purporting to designate Grant Merritt as the legal representative of their daughters.

On March 16, 1992, the EPA denied the amended claim as untimely because the claim was not submitted "until the sum certain was stated for each individual in December, 1991, more than two years after the claim accrued." Plaintiffs filed this action on June 2, 1992. The United States now moves to dismiss or for summary judgment.

## II.

■ An action may not be brought under the FTCA, "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency…" 28 U.S.C. § 2675. The administrative exhaustion requirement is jurisdictional. *Melo v. United States*, 505 F.2d 1026, 1028 (8th Cir.1974). A claim must state "sufficient information for the agency to investigate the claims, … and the amount of damages sought." *Farmers State Sav. Bank v. Farmers Home Admin., Div. of United States Dept. of Agriculture*, 866 F.2d 276 (8th Cir.1989). The requirement that a claim state a sum certain "can be implied from 28 U.S.C. § 2675(b)." *Lunsford v. United States*, 570 F.2d 221, 227 n. 9 (8th Cir.1977); *see also Avril v. United States*, 461 F.2d 1090 (9th Cir.1972). The

purpose of the sum certain requirement is to facilitate settlement, 570 F.2d at 224, and to inform the agency whether claim is for more than 25,000 and the approval of the Attorney General is needed to settle a claim under 28 U.S.C. § 2672.

The United States argues that plaintiffs did not exhaust in accordance with the FTCA. It argues that each of the claimants must meet the sum certain requirement of the FTCA. The single lump sum in the complaint, according to the United States, was insufficient. Plaintiffs respond that the FTCA establishes a notice requirement. According to plaintiffs, a lump sum certain amount is sufficient for a group claim provided that the claim states the nature of the claim and identifies all the claimants.

■ Under certain circumstances, a single sum certain may be sufficient to cover a claim for a group of claimants. *See Lunsford v. United States,* 570 F.2d 221, 225 (8th Cir.1977). That case held that a class action would be permissible:

"if a class claim has been filed which names the individual claimants, asserts and establishes the authority of the named claimant (or claimants) to present claims on behalf of the unnamed class members, states the total amount of the claim for the entire class and otherwise satisfies the jurisdictional requirements."

570 F.2d at 227. The Ninth Circuit has also approved a single sum certain applicable to a group of claimants. *See House v. Mine Safety Appliances Co.,* 573 F.2d 609, 615 (9th Cir.1978). By expressly identifying all the claimants, plaintiffs' claim form provided more information than required by *Lunsford.* Plaintiffs provided the agency with sufficient information to investigate the claim and stated the amount of damages sought. The motion to dismiss for lack of subject matter jurisdiction should be denied.

### III.

■ The United States also moved for summary judgment on the ground that plaintiffs failed to file a valid administrative claim within the two year limitation period provided in 28 U.S.C. § 2401(b). This argument is based on the two amendments to the claim submitted in December 1991. The claim met the administrative exhaustion requirements, however, before these materials were submitted and before the two year limitation period expired. The motion for summary judgment should be denied.

### ORDER

Accordingly, based upon the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. The motion of the United States of America to dismiss for lack of subject matter jurisdiction is denied; and

2. The motion of the United States of America for summary judgment is denied.