**James E. EMERY and Amelia Emery, Plaintiffs,**

v.

**UNITED STATES of America and Department of Health and Human Services, Defendants.**

No. 2:95–CV–274.

United States District Court,
W.D. Michigan,
Northern Division.

Feb. 29, 1996.

Michael E. Makinen, Goodman & Makinen, Hancock, MI, for plaintiffs.

Glenda G. Gordon, Asst. U.S. Attorney, and Michael H. Dettmer, U.S. Attorney, Marquette, MI, for defendants.

## OPINION

QUIST, District Judge.

This case is a civil action wherein plaintiffs James and Amelia Emery bring claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, against the United States of America and the Department of Health and Human Services. These claims arise from the allegedly substandard medical treatment James Emery received from Geoffrey Harrison, the health service physician serving the Keweenaw Bay Tribal Community. This matter is before the Court on defendants' motion to dismiss Amelia Emery as a party to the case.

### Facts

Plaintiff James Emery filed an administrative claim under the FTCA for injuries alleging resulting from Dr. Harrison's allegedly inappropriate Isoniazid prescription. The claim filed by James Emery against defendants lists only himself as a claimant. The claim form, however, contains a section of the form entitled "Personal Injury/Wrongful Death." This section instructs the person completing the form to "State Nature And Extent Of Each Injury Or Cause Of Death Which Forms The Basis Of The Claim. If Other Than Claimant, State Name of Injured Person Or Decedent." Under this section, the following sentence appears: "Wife, Amelia Emery, has suffered a loss of consortium, love and affection." Under the sections for damages for personal injury and for total injuries appears the phrase "two million." There is no evidence that Amelia Emery signed James Emery's claim form. Further, Amelia Emery never filed a separate administrative claim form.

### Standard for Dismissal

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The moving party has the burden of proving that no claim exists. Although a complaint is to be liberally construed, it is still necessary

that the complaint contain more than bare assertions of legal conclusions. *Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir.1993). All factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party. 2A James W. Moore, *Moore's Federal Practice,* ¶ 12.07[2.5] (2d ed. 1991). The Court need not, however, accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987). Dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

■ Dismissal is also proper if the complaint fails to allege an element necessary for relief or "if an affirmative defense or other bar to relief is apparent from the face of the complaint, such as the official immunity of the defendant...." 2A James W. Moore, *Moore's Federal Practice,* ¶ 12.07[2.5] (2d ed. 1991).

> "In practice, 'a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'"

*Allard,* 991 F.2d at 1240 (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988)).

### Discussion

■ Pursuant to 28 U.S.C. § 2675(a) of the FTCA:

> [a]n action shall not be instituted upon a claim against the United States for money damages ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency....

A claim must be filed within two years after it accrues. 28 U.S.C. § 2401(b). The filing requirements are not mere jurisdictional technicalities. Rather, they are essential to the fulfillment of the Congressional intent underlying the statute. Congress enacted the administrative claims procedure to lessen the court caseload by requiring "that claims be presented first to the agency for possible settlement." *Knapp v. United States,* 844 F.2d 376, 378 (6th Cir.1988); *see also Casey v. United States,* 635 F.Supp. 221, 226 n. 6 (D.Mass.1986) (presenting an extended discussion of the Congressional policy). In this light, the administrative claims procedure's filing requirements are jurisdictional in nature, and stand as an absolute prerequisite to maintaining a civil action against the United States. *McNeil v. United States,* 508 U.S. 106, 110–11, 113 S.Ct. 1980, 1983, 124 L.Ed.2d 21 (1993). Defendants assert that Amelia Emery's claim must be dismissed because she never filed a claim with the appropriate administrative agency.

■ Under Michigan law, a spouse's claim for loss of consortium is separate and independent from the claim of the physically injured spouse. *Eide v. Kelsey–Hayes, Co.,* 431 Mich. 26, 29, 427 N.W.2d 488 (1988). Thus, simply because the government had notice of her husband's claims for personal injury does not mean or require that Amelia Emery was entitled to pursue her claim for loss of consortium in federal court. In order to remain a party to this action, she must prove that she has also exhausted her administrative remedies under § 2675(a) with respect to her loss of consortium claim.

The Sixth Circuit has held that the requirements of § 2675(a) are met only "if the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value [or "sum certain"] on his or her claim." *Knapp,* 844 F.2d at 379 (noting that the Sixth Circuit has adopted the rationale of the Fifth Circuit). As a general rule, the Fifth Circuit holds that "no particular form or manner of giving such notice is required as long as the agency is somehow informed of the fact of and the amount of the claim within the two year period prescribed by § 2401(b)." *Williams v. United States,* 693 F.2d 555, 557 (5th Cir.1982).

### A. Notice of the Claim

Regarding the first prong of the § 2675(a) test, many courts have held that loss of consortium must be expressly raised in an ad-

ministrative claim to satisfy the jurisdictional requirements of the FTCA. *See, e.g., Manko v. United States*, 830 F.2d 831, 840 (8th Cir.1987); *Johnson v. United States*, 704 F.2d 1431, 1442 (9th Cir.1983). On a few occasions, however, courts have found that the government has been given adequate notice of a spouse's loss of consortium claim where the spouse did not file a separate form with the appropriate agency, but raised the claim in the same form as the other spouse. *See, e.g., Loper v. United States*, 904 F.Supp. 863, 866 (N.D.Ind.1995); *Casey v. United States*, 635 F.Supp. 221 (D.Mass.1986). Another federal district court has held that "[t]o preserve her right to bring a derivative but separate FTCA action in this court for loss of consortium, plaintiff's wife ... was required *either to join in plaintiff's claim or to file a separate claim.*" *Johnson v. United States*, 496 F.Supp. 597, 601 (D.Mont.1980), *aff'd*, 704 F.2d 1431 (9th Cir.1983) (emphasis added).[1]

■ In light of the liberal reading of § 2675(a) required by *Williams v. United States* and other federal case law, this Court holds that the notice requirement set forth in 28 U.S.C. § 2675(a) does not require a spouse to file a separate administrative claim form from her spouse's when filing a loss of consortium claim.

■ In the instant case, plaintiffs contend that James Emery's claim form "clearly and unambiguously included the claim by Amelia Emery for loss of consortium," thereby putting the government on notice of Amelia Emery's claim. This Court agrees. Although Amelia Emery was not listed as a claimant on James Emery's claim form, it is clear from the face of the form that she was alleging a claim for loss of consortium against the government. In response to form Question No. 10, the Emerys wrote "Wife, Amelia Emery, has suffered a loss of consortium, love and affection." In short, the Emerys' response to form Question No. 10 provided "sufficient notice to enable the agency to investigate the claim...." *Charlton v. United States*, 743 F.2d 557, 559–60 (7th Cir.1984). As a result, the statute's "purpose—to promote fair settlement—was not hindered by [James Emery's inclusion of Amelia Emery's] claim on the same administrative claims form." *Hardiman v. United States*, 752 F.Supp. 52, 54 (D.N.H.1989). Thus, the form filed by the Emerys was sufficient to provide defendants with adequate notice of Amelia Emery's claim under the Sixth Circuit's test for § 2675(a).

**B. "Sum Certain"**

■ Regarding the second prong of the § 2675(a) test—the requirement that the claimant place a value on his or her claim—defendants argue in its reply brief that Amelia Emery's failure to set forth a "sum certain" for damages represents a failure to comply with the jurisdictional requirements of the statute.[2] Where a form is submitted with the "Amount of Claim" section left blank, it is clearly invalid. *Avril v. United States*, 461 F.2d 1090, 1091 (9th Cir.1972). The plaintiffs in the instant case, however, specifically requested $2 million in personal

---

1. Furthermore, in *Ottem by Ottem v. United States*, 594 F.Supp. 283, 286–287 (D.Minn.1984), the court found that the government had been put on notice by events unrelated to the administrative forms. In *Ottem*, the attorney retained by the wife and her husband conducted several conversations with the government agency handling the claim. These conversations not only informed the government of the loss of consortium claim, but frequently concerned the status of that claim. Because the government was not prejudiced and the FTCA's underlying policy favoring settlement was not impeded, the *Ottem* court determined that it had jurisdiction over the wife's loss of consortium claim.

2. Defendants assert that Amelia Emery's alleged failure constitutes a violation of 28 U.S.C.

§ 2675(b). Defendants' arguments are properly raised under § 2675(a). Subsection (b) merely bars the plaintiffs from seeking more than $2 million in damages, *once they bring suit*, for their claims in the absence of "newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening acts, relating to the amount of the claim." 28 U.S.C. § 2675(b); *see Loper v. United States*, 904 F.Supp. 863, 866 (N.D.Ind.1995). While reviewing defendants' motion to dismiss, the Court is investigating whether plaintiff Amelia Emery filed an adequate administrative claim under subsection (a) before the plaintiffs actually brought suit against the government.

injury damages for their claims. Defendants complain that it was never apprised of the specific damages requested by Amelia Emery as distinguished from her husband.

 In addition to governmental efficiency, the FTCA administrative claims procedure is intended to provide for "more fair and equitable treatment of private individuals and claimants when they deal with their Government or are involved in litigation with their Government." *Adams v. United States,* 615 F.2d 284, 289 (5th Cir.1980) (citing S.Rep. No. 1327, 89th Cong., 2d Sess. 5, *reprinted in* (1966) U.S.Code Cong. & Admin.News at 2515–16). The purpose of the "sum certain" requirement, in specific, is to provide the government with adequate information regarding the claim to effectuate efficient and fair settlements "and to determine whether the claim exceeds $25,000 (in which case the decision to settle must be approved by the Attorney General)." *Eskine v. United States,* 1995 WL 495903, at *2 (E.D.La. Aug. 18, 1995) (citing *Lunsford v. United States,* 570 F.2d 221, 226 n. 9 (8th Cir.1977)).

In light of the flexible approach mandated by the legislative history underlying the statute, "many courts have held that a lump sum amount for multiple claimants satisfies the 'sum certain' requirement." *Eskine,* 1995 WL 495903, at *2 (citing *Lunsford,* 570 F.2d at 225; *House v. Mine Safety Appliances Co.,* 573 F.2d 609, 615 (9th Cir.1978), *cert. denied,* 439 U.S. 862, 99 S.Ct. 182, 58 L.Ed.2d 171 (1978); *Lundgren v. United States,* 810 F.Supp. 256, 258 (D.Minn.1992); *Campbell v. United States,* 795 F.Supp. 1118, 1121–22 (N.D.Ga.1990); *Locke v. United States,* 351 F.Supp. 185 (D.Hawaii 1972)). In the past year, a number of federal courts have held that a spouse who has lumped a request for damages arising from her loss of consortium claim in with her husband's claim for personal injuries under the FTCA has satisfied the "sum certain" requirement. *See, e.g., Loper v. United States,* 904 F.Supp. 863, 866 (N.D.Ind.1995); *Eskine,* 1995 WL 495903, at *2. Thus, Amelia Emery's loss of consortium claim satisfies the purpose of the statute. To rule otherwise would be to elevate form over function in direct contravention of the Congressional policy underlying the statute. Thus, defendants' motion to dismiss will be denied.