815 F.2d 77
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Julius HALAGARDA, Plaintiff-Appellant,
v.
FEDERAL BUREAU OF INVESTIGATION, et al., Defendants-Appellees.
 No. 86-1096.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1987.
 
 Before MARTIN, WELLFORD and NELSON, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff appeals pro se from the district court's order dismissing his civil rights case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The plaintiff is a resident of Macomb County, Michigan. The defendants are the Federal Bureau of Investigation (FBI), the Michigan Department of Social Services (the Department), and various counties and municipalities in the Macomb County area.
 
 
 3
 The plaintiff's complaint alleges that the defendants engaged in a conspiracy against him based on his national origin, which is Czechoslovakian. This conspiracy included domestic relations matters, the eviction of the plaintiff from his home by armed police officers, various false arrests, and the use of drugs and electroshock treatment while the plaintiff was in the Macomb County jail. The district court dismissed the complaint as frivolous under 28 U.S.C. Sec. 1915(d). The court held that the allegations against the FBI were inadequate, that the Department was immune from suit, that the plaintiff had stated no policies adopted by the county or municipal defendants that violated his rights, and that the plaintiff had failed to sue specific individuals who might be liable for such violations.
 
 
 4
 The district court was correct to dismiss the case against the FBI and the Department. Under 28 U.S.C. Secs. 1346(b) and 2679(a), a federal administrative agency may not be sued in its own name unless Congress authorizes such suits. Blackmar v. Guerre, 342 U.S. 512, 515 (1952); Myers and Myers, Inc. v. United States Postal Service, 527 F.2d 1252, 1256 (2nd Cir.1975). Because such suits are not authorized against the FBI, it is properly dismissed from the case. The facts alleged against the FBI can be construed to state an action under the Federal Tort Claims Act. But any such action would also be dismissed because the plaintiff did not file an administrative claim, which is a jurisdictional requirement for such an action. Rogers v. United States, 675 F.2d 123, 124 (6th Cir.1982).
 
 
 5
 The Department is immune from liability for damages because, in the absence of consent, a suit against the state or one of its agencies is barred by the eleventh amendment regardless of the nature of the relief sought. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984). As a subdivision of the state, the Department is entitled to the application of this rule.
 
 
 6
 The remainder of the case, however, must be vacated and remanded for further proceedings. In Berndt v. State of Tennessee, 796 F.2d 879, 882-83 (6th Cir.1986), the Court held that where claims are serious in nature, the complaint must be closely scrutinized to see whether a remand is appropriate to allow a pro se plaintiff the opportunity to add individual defendants to the case. In the present case, the allegations of illegal eviction and involuntary administration of drugs and electroshock treatments are serious in nature. Therefore, the plaintiff must be allowed the opportunity to amend his complaint to add any individual defendants who may be liable for constitutional violations.
 
 
 7
 The order of the district court is affirmed in part and vacated and remanded in part under Rule 9(d)(3) and (4), Rules of the Sixth Circuit.