**Ricardo SHERMAN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Case No. 13–12803.**

United States District Court, E.D. Michigan, Southern Division.

Signed Sept. 30, 2014.

Ricardo Sherman, Detroit, MI, pro se.

Vanessa Miree Mays, United States Attorney's Office, Detroit, MI, for Defendant.

### OPINION AND ORDER DENYING MOTION TO REINSTATE CASE

DAVID M. LAWSON, District Judge.

On June 26, 2013, Ricardo Sherman filed a complaint in this Court alleging that he received substandard medical treatment from Detroit Community Health Connection, Inc. (DCHC), Dr. Aneela Yaqoob and Nurse Gwen Lee. DCHC and its employees are agents of the United States Public Health Service. Sherman's claims, therefore, are governed by the Federal Tort Claims Act (FTCA), and the proper defendant is the United States, which substituted into the case. On December 23, 2013, Sherman and the United States filed a stipulation to dismiss the case without prejudice, and the Court entered an order to that effect a short time later. Sherman now has filed a motion to reinstate his case.

Sherman apparently recognizes that claims against the federal government are barred by the doctrine of sovereign immunity, unless the government waives its immunity. The FTCA contains such a waiver, but it comes with conditions. One condition is that a person who wants to bring a claim against the United States must first submit a claim form to the appropriate federal agency and demand compensation. Those claims are addressed at an administrative level, and sometimes result in relief to the claimant. Another requirement is that the claim form must be submitted within certain time limits, and the lawsuit must be started within additional time limits. If those conditions are not met, a court does not have the authority—that is, the jurisdiction—to entertain the claim.

Sherman faces two obstacles with his motion to reinstate the case. First, when he filed his complaint in this case, he did not satisfy the administrative or time limit requirement. Jurisdiction was lacking, therefore, when the complaint was filed. Second, Sherman's later attempts to fulfill the conditions fell short; but even if they were sufficient, the Court must assess jurisdiction as of the complaint's filing date, so reinstatement would be not be proper in any event. The Court, therefore, will deny the motion to reinstate the case.

### I.

According to the complaint and the parties' motion papers, Ricardo Sherman, a Detroit resident, treated with defendants Dr. Aneela Yaqoob and Nurse Gwen Lee at DCHC between June 5, 2009 and June 21, 2013 for chronic obstructive pulmonary disease. Sherman alleges that Dr. Yaqoob and Nurse Lee were negligent in the care they provided to him. He contends that Dr. Yaqoob failed to provide the prescription refills that he requested and Nurse Lee "contumaciously refused to fax" the

proper paperwork to a mail-order prescription service.

Before filing his lawsuit, Sherman wrote the Department of Homeland Security, complaining that Dr. Yaqoob withheld medication from him, refused to write prescriptions for his refills, and attempted to convert him to Islam. That letter was sent on November 1, 2010. On November 5, 2010, Sherman sent a letter to DCHC complaining that Dr. Yaqoob told him that "being a doctor is not as important to me as serving Allah," tried to convert him to Islam, failed to treat him properly for his medical condition, prescribed albuterol solution instead of inhaler spray, and refused to fill his prescriptions for his medication, causing him to experience "severe and lasting injuries."

On December 9, 2013, Sherman submitted an administrative claim on Standard Form 95 to the TACOM–LCMC Command Judge Advocate in Warren, Michigan. Sherman alleged in his claim that Dr. Yaqoob is aligned with Iran, improperly tried to convert him to Islam, and, when he complained, withheld his prescription medicine.

It is not clear that Sherman ever received a response to his administrative claim. But on June 26, 2013, Sherman filed his complaint in this Court against DCHC, Dr. Yaqoob, and Nurse Lee. On December 6, 2013, the United States substituted as the defendant in the case under 28 U.S.C. § 2679(d)(2) (stating that when "the Attorney General [certifies] that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, ... [s]uch action or proceeding shall be deemed to be an action or proceeding brought against the United States under the [FTCA]"). On December 23, 2013, the parties stipulated to the dismissal of the case without prejudice. The Court dismissed the complaint without prejudice on January 3, 2014.

In his motion, Sherman alleges that he submitted a Standard Form 95 to the Department of Health and Human Services (HHS) in Detroit, Michigan on July 25, 2014. The allegations in that administrative claim are similar to the allegations in the claim previously submitted to the Command Judge Advocate. Sherman submitted another claim to HHS the same day, alleging that Nurse Lee "refused to phone in my medication to the pharmacist" on June 21, 2013.

Sherman then filed a motion to reinstate the case on June 24, 2014, arguing that the Court has subject matter jurisdiction. The government has filed a response arguing that reinstatement would be futile, because Sherman did not comply with the administrative filing requirements and time limits of the FTCA, and therefore the Court would have no jurisdiction to hear his case.

## II.

██ It is well established that a claim against the United States is barred absent waiver of sovereign immunity, " 'and the terms of [the government's] consent to be sued in any court define that court's jurisdiction to entertain the suit.' " *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976) (quoting *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941)). The FTCA waives the sovereign immunity of the United States for:

> [m]oney damages ... for injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would

be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

 However, the FTCA "bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). This bar applies to parties with counsel and to *pro se* litigants. *Ibid.* Under the FTCA, a plaintiff must present his claims to the appropriate federal agency and either receive a written notification that the claim has been finally denied or wait six months before filing a complaint. Federal law states:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). The administrative claim prerequisite is a jurisdictional requirement that cannot be waived. *See Rogers v. United States,* 675 F.2d 123, 124 (6th Cir.1982); *see also Garrett v. United States,* 640 F.2d 24, 26 (6th Cir.1981) (" 'These conditions are jurisdictional requirements, not capable of waiver or subject to estoppel.' ") (citations omitted).

 Under Department of Justice regulations, a claim is deemed presented for purposes of 28 U.S.C. § 2675(a) when a federal agency receives "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a). A claimant presents a claim under section 2675 when he or she "(1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim." *Douglas v. United States,* 658 F.2d 445, 447 (6th Cir.1981) (quoting *Adams v. United States,* 615 F.2d 284, 289 (5th Cir.1980)).

 If a plaintiff fails to exhaust his or her administrative remedies before filing a suit, then the court lacks subject matter jurisdiction and cannot proceed; this is true even if the plaintiff fulfills the requirements of exhaustion after filing suit and before the litigation substantially has progressed. *McNeil,* 508 U.S. at 112, 113 S.Ct. 1980. In *McNeil,* the Supreme Court reasoned that Congress unambiguously required exhaustion before the complaint is filed to ease administrative burdens and control litigation costs. The Court explained:

Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command.

*Id.* at 112, 113 S.Ct. 1980.

### A.

 The plaintiff in this case filed his complaint against DCHC and its employees complaining of poor medical care. But

he filed his administrative claim with TA-COM–LCMC Command Judge Advocate, a branch of the Department of Defense, which was not the appropriate federal agency. "The appropriate federal agency is defined by 28 U.S.C. § 2671 as the agency whose activities gave rise to the claim." *Combs v. United States,* 2:04–CV–306, 2008 WL 2278661, at *4 (E.D.Tenn. May 30, 2008); *see also* 28 C.F.R. § 14.2 ("A claim shall be presented to the Federal agency whose activities gave rise to the claim."). The requirement that a claimant present a claim to the "agency whose employee's activity allegedly caused the damage" helps facilitate settlement of meritorious claims without the need for filing suit and "possible expensive and time-consuming litigation." *McNeil v. United States,* 508 U.S. 106, 112 n. 7, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993).

The Department of Health and Human Services has determined that the DCHC and its employees are employees of the U.S. Public Health Service, under the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)–(n), as amended by the Federal Supported Health Centers Assistance Act of 1995, Pub. L. No. 104–73. *See* Declaration of Meredith Torres, dkt. # 13–1, at ¶ 5. HHS therefore is the appropriate federal agency.

Because the plaintiff did not present his administrative claim with "the appropriate [f]ederal agency" before he commenced this lawsuit, this Court had no jurisdiction to adjudicate the complaint when it was filed. 28 U.S.C. § 2675(a).

### B.

The plaintiff may have recognized this defect when he agreed to dismiss his complaint without prejudice. And it appears that he may have attempted to remedy it. But he is not entitled to reinstatement. ▮ One reason is that jurisdiction must be assessed at the time the complaint

is filed. *United States ex rel. Poteet v. Medtronic, Inc.,* 552 F.3d 503, 519 (6th Cir.2009) (stating that "the basis for a federal court's subject matter jurisdiction over an action must be apparent from the facts existing at the time the complaint is brought") (citing *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)). Therefore, attempts made after the case was started to fix jurisdictional problems do not change the fact that no jurisdiction was established. *See McNeil,* 508 U.S. at 112, 113 S.Ct. 1980. Reinstating the case, therefore, would do Sherman no good, because he would be faced with the same exhaustion problem.

▮ The only way around that reality would be for Sherman to exhaust his administrative remedies properly and then file a new lawsuit. But as the government points out in its response to the present motion, Sherman may be too late for that, which is another problem for him.

▮ Under federal law, a claimant must present his administrative claim "to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401. Sherman alleges that he submitted two claims to HHS in Detroit, Michigan on July 25, 2014. "[A] negligence or medical malpractice claim accrues within the meaning of § 2401(b) when a plaintiff knows of both the existence and the cause of his injury, and not at a later time when he also knows that the acts inflicting the injury may constitute negligence or medical malpractice." *Chomic v. United States,* 377 F.3d 607, 610 (6th Cir.2004).

Sherman contends that his injury—"asthma attacks"—occurred on June 21, 2013. *See* Standard Form 95, dkt. # 18, at 13. But the events that Sherman relies upon to support his medical malpractice claim first occurred in October 2010, nearly four years before he mailed his claim

form. Sherman concedes that Dr. Yaqoob began treating him "for the condition of C.O.P.D. on or about June 5, 2009." Mot. to Reinstate, dkt. # 18, at 6. His dissatisfaction with his treatment first emerged on November 1, 2010, when he wrote a letter to the Department of Homeland Security complaining that "Dr. Ya[q]oob is withholding my medication and refuses to refill vital breathing medication." Dkt. # 18, at 16. On November 5, 2010, Sherman wrote a letter to DCHC, stating "I have been without respiratory medication for over two weeks and going through an ordeal with Dr. Ya[q]oob to get my medicine ... I am not being treated for my medical condition properly ..." Dkt. # 18, at 21–23. In the letter, Sherman contends that his doctor prescribed "albuterol solution instead of inhaler spray." Although he returned to the doctor's office on multiple occasions, Sherman contends that the doctor never faxed the prescription to the pharmacy. As a result, Sherman argued that he suffered "severe and lasting injuries." Dkt. # 18 at 22. One might reasonably conclude that Sherman knew about the faulty medical care in 2010, and that his claim accrued then. His administrative claim, therefore, would be out of time if it were presented in July 2014.

Another problem is that there is no evidence that HHS ever *received* Sherman's administrative claim. It is the receipt, not the sending, that satisfies the presentment requirement. *See* 28 C.F.R. § 14.2 ("For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency *receives* from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages") (emphasis added); *Willis v. United States,* No. 91–4111, 1992 WL 180181 (6th Cir. July 29, 1992) ("The mere mailing of documents does not constitute present-

ment within the meaning of 28 U.S.C. § 2401(b)."); (citing *Bailey v. United States,* 642 F.2d 344, 347 (9th Cir.1981)); *Hoffman v. United States,* 398 F.Supp. 530, 540 (E.D.Mich.1975) ("[T]he regulation requires receipt, not mere mailing."); *see also Scott v. Johnson,* No. 07–11560, 2007 WL 4219383 (E.D.Mich. Nov. 29, 2007) ("[I]f a claimant mails a notice and it is not received by the agency there is no presentment.") (citing *Bailey,* 642 F.2d at 346–47). Sherman may be able to cure that problem; but on the present record, proof that HHS received Sherman's Standard Form 95 is lacking.

### III.

For the reasons discussed, the Court finds no merit in plaintiff Ricardo Sherman's motion to reinstate his case.

Accordingly, it is **ORDERED** that the motion to reinstate the case [dkt. # 18] is **DENIED.**